SOMMERVILLE, J.
May 2, 1916, Mrs. Adrian Hava, a married woman, alleging that she had purchased a piece of property with her separate, paraphernal funds; that she had been duly authorized by her husband, who signed the act of purchase, in the city of New Orleans, February 18, 1894, and that on September 13, 1906, her husband, Dr. Adrian Hava, made a written declaration before James Simeon, notary public, and two' witnesses, that said property was the separate property of petitioner, which declaration was duly registered in the conveyance office; that one-eleventh of the said property had been sold for city taxes for the year 1911, and was purchased by Alfred Livaudais; that on October 8, 1915, said property was partially destroyed by fire, and the loss was settled by the Fireman’s Insurance Company at the sum of $2;393, and that the money is now deposited in the hands of Philip S. Gidiere, of New Orleans; that petitioner is unwilling to hold said property in common with said Livaudais, and that the same could not be divided in kind — prayed that the said Livaudais be cited, and that she be recognized as entitled to ten-elevenths of the cash in the hands of the said Gidiere, that the property be ordered sold at public auction, and that she be recognized as entitled to ten-elevenths of the proceeds of sale, and that petitioner be authorized to institute this suit. The case was allotted to division E of the civil district court, and the judge of division C authorized petitioner to institute and prosecute the suit. May 16, 1916, Alfred F. Livaudais excepted to the petition of plaintiff, on the ground that she was a married woman, that her husband was within the jurisdiction of the court, and that it did not appear in the petition filed by her that her husband had authorized the said wife to bring the suit, and that until the husband of plaintiff had been cited and refused to authorize the said wife to bring the suit the said suit cannot, under the law, be authorized by the judge.
May 24, 1916, the Fireman’s Insuranqe Company filed a suit against Mrs. Maria E. Hava, Dr. Adrian Hava, and Alfred F. Livaudais, alleging that plaintiff had issued a policy on the property owned by Mrs. Hava and Mr. Livaudais, which had been destroyed by fire, and that the loss had been adjusted and agreed upon; that it has placed this amount in the hands of its attorney to be transferred to the owners of the property; that it has not been able to determine whether the property is the separate property of Mrs. Hava, or whether it was property belonging to the community existing between her and her husband. It deposited the amount in the registry of the court, and caused Mrs. Hava, Dr. Hava, and Mr. Livaudais to litigate among themselves the question as to whom payment of the fund should be made.
May 29, 1916, on motion, the above two suits were consolidated in division E of the civil district court.
June 5, 1916, Mrs. Hava, in a supplemental petition, alleging that objection had been made that her husband should be cited, prayed that Dr. Hava be cited, and, “after due proceedings, that judgment be rendered as prayed for, and petitioner prays for general relief,” etc.
The exception of Mr. Livaudais to the effect that Mrs. Hava had not been authorized to institute the suit by her husband was *641 not tried. It appears to have been disposed of by the filing of the supplemental petition by Mrs. Hava, in which she made her husband a defendant, and asked for the relief prayed for in her original petition, which included the prayer to be authorized to prosecute and institute the suit.
June 12, 1916, Mrs. Hava answered the petition filed by the Fireman’s Insurance Company, and asked that she be allowed to withdraw ten-elevenths of the amount deposited by said company in court.
June 14, 1916, Alfred F. Livaudais answered the petition of the Fireman’s Insurance Company, and asked for the distribution of the fund in court, and for his portion.
June 14, 1916, Livaudais made answer to the petition of Mrs. Hava, admitting the allegations made by her in her petition. He reconvened and claimed a certain amount for money paid by him on the property involved.
June 21, 1916, Dr. Hava answered the petition of the Fireman’s Insurance Company, in which he claimed that the money deposited in court came to him as the master and head of the community existing between him and his wife, and denied that she was entitled to the property involved or to the fund in court, and asked that the money be paid over to him. On the same day he excepted and made answer to the petition of Mrs. Hava, on the ground that he could not be made a party defendant in the manner and form attempted, that the suit had been brought without his authorization, and that it could not be prosecuted to final judgment until he had been called upon to authorize his wife to bring same, and that the original petition had not been regularly served upon him. In his answer he denied that Mrs. Hava was the owner of the property involved, and claimed it for the community existing between him and his wife. He asked for a dismissal of the suit, with cost. The exception filed by Dr. Hava does not appear to have been passed upon. The case was regularly tried; and there was judgment in favor of Mrs. Hava, recognizing her as the owner of ten-elevenths of the property, and Mr. Livaudais as the owner of one-eleventh, and ordering Mrs. Hava to pay ten-elevenths of the amount claimed by Mr. Livaudais in his reconventional demand. Dr. Hava is the only appellant.
[1] The act of sale by which Mrs. Hava acquired the property is dated January 10,1894. It recites that she was the wife of Dr. Adrian Hava, “buying with her own funds, and duly authorized and assisted by her said husband, here present, accepting and purchasing for herself, and assigns.” It is again declared in the act:
“That she makes the present purchase with her own funds, and under her separate administration and individual control, said funds being derived from gifts of money made to her by her parents, and that she pays and will pay the price of said purchase exclusively and entirely out of said funds, and that therefore said property shall be and remain her own separate and paraphernal property, and that the said Adrian Hava acknowledges and declares that the said declaration is true, and approves and fully concurs in the same. To have and to hold the said property unto the said purchaser, her heirs and assigns forever. This sale is made and accepted for and in consideration of the price and sum of $4,800, in part payment and deduction whereof the said purchaser has well and fully paid in ready current money the sum of $1,600 cash to the said vendor, who hereby acknowledges full receipt thereof and grants full acquittance therefor. And for the balance of said purchase price, to wit, the sum of $3,200, the said purchaser has furnished two promissory notes, each for the sum of $1,600, drawn and subscribed by her, with the authorization of her said husband, to the order of herself and by her indorsed, dated the 10th of January, 1894, and payable, respectively, one and two years after date,” etc.
This act was signed by Adrian Hava.
The evidence shows that 12 years after the passage of said act, after the notes represent-. ing the balance of the purchase price had apparently been paid, Adrian Hava appeared before a notary public, September 13, 1906, and declared:
*643 That the property in question “is the separate and paraphernal property of his said wife, and that he hereby authorizes and empowers her to sell, transfer, assign, set over, abandon, and deliver the same for whatever price she may judge proper and on whatever terms she may desire, thereby approving, confirming, and ratifying all that his said wife shall do in the premises and binding himself to warrant the title to the said property.”
The husband, is estopped to deny the above allegations, except under allegation of fraud, error, or violence, which he has not pleaded.
Dr. Hava took the stand, and was asked whether Mrs. Hava made a written declaration to the effect that the property in question in this case was not her separate property, but belonged to the community between her and him. Objection was made, on the ground that the best proof was the document itself, which objection was overruled. He testified that there was such a document, which was in the possession of his wife. He was then asked, “Whose money paid for the property?” Objection was made that the act of sale to which Dr. Hava was a party, and to which his signature was attached, was binding upon him, and that he could not contradict it. The objection was properly sustained. The witness was asked, “Were any improvements put on the property after 1894?” Objection was made to this question on the ground that the pleadings by 'Dr. Hava do not claim for improvements; and the objection was properly sustained. There was no evidence going to show that Dr. Hava paid any portion of the purchase price of the property; but, on the contrary, it was shown, as declared, that the property was purchased with the separate paraphernal funds of his wife.
[2] Dr. Hava asks that the case be remanded on the ground that he was permitted to testify in his own behalf, which was illegal; that husband and wife could not, at the time of the trial, testify for or against one anothér. . Shortly after the trial of the case married persons were made competent witnesses for or against one another by Act No. 157 of 1916, p. 379. At the same session of the Legislature, by Act No. 94, p. 212, the right of married women to contract with reference to their separate and paraphernal property, and to appear in court, and to sue and be sued, to the same extent as though they were femes sole, was recognized.
It would be useless to remand the case to permit the question to be repeated to Dr. 1-Iava, “vVere any improvements put upon that property after 1894?” because the answer of Dr. Hava would not be responsive to the pleadings. In his answer Dr. Hava does not allege that any improvements had been made on the property, or that he had any claim against the separate property of his wife. The ruling on this point was correct.
Judgment affirmed.