(75 South. 76)

No. 22197.

FIREMEN'S INS. CO. v. HAVA et al.
HAVA et al. v. LIVAUDAIS.
In re HAVA.

(April 13, 1917.)

*(Syllabus by the Court.)*

1. PROHIBITION ⬅═3(1) — SUPREME COURT'S SUPERVISORY JURISDICTION.

The Supreme Court will not exercise supervisory jurisdiction by the issuance of a writ of prohibition to a court of original jurisdiction, when it appears from the record that the party complaining has made no attempt to obtain relief, and might have obtained it, from the court of original jurisdiction.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 4.]

2. COURTS ⬅═204—JURISDICTION OF SUPREME COURT—PENDING QUESTION.

The Supreme Court will not exercise original or supervisory jurisdiction to decide a question that has been put at issue by the complainant or relator and is already pending before the judge to whom the complainant prays that a supervisory writ be directed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 499, 504, 619, 758½, 791.]

Action by the Firemen's Insurance Company against Mrs. M. E. Hava and others, consolidated with an action by Mrs. M. E. Hava against Alfred F. Livaudais. Judgment for M. E. Hava (73 South. 708[1]). Application by M. E. Hava, wife of Adrian Hava, for writs of prohibition to be directed to Hon. George H. Théard, Judge of the Civil District Court, Division E, to the clerk of that court, to Alfred F. Livaudais and to Dr. Adrian Hava. Rule issued recalled, and petition denied.

Charles Louque, of New Orleans, for Mrs. M. E. Hava. Dinkelspiel, Hart & Davey, of New Orleans, for Dr. Adrian Hava. McCloskey & Benedict, Raymond Gauche, and C. E. Dunbar, Jr., all of New Orleans, for Alfred F. Livaudais.

O'NIELL, J. Although the learned counsel for Mrs. M. E. Hava, the plaintiff or relator herein, refers to this proceeding as a rule to show cause why the respondents should not be held in contempt of this court, it is in fact a rule to show cause why writs of prohibition should not issue, to prohibit any interference with the execution of a certain judgment rendered by the civil district court and affirmed by this court in the above-entitled cause. See Fireman's Insurance Co. v. Hava et al. and Hava v. Livaudais (consolidated) 140 La. 638, 73 South. 708.

The plaintiff or relator alleged in her petition to this court that the judgment referred to recognized that she was entitled to ten-elevenths of a certain fund deposited in the

---

[1] 140 La. 638.

registry of the civil district court, and that Alfred F. Livaudais was entitled to one-eleventh of that fund; that the judgment recognized that certain property, or her ten-elevenths interest therein, in square No. 113, in the city of New Orleans, was her separate property, and that her husband, Adrian Hava, was estopped from denying that the property was her separate property. She alleged that the judgment became final, by the refusal of a rehearing, on the 15th of January, 1917; that, in contempt of the authority of this court, Alfred F. Livaudais seized the fund in the registry of the civil district court, or in the hands of the clerk of that court, and claimed that the fund was the property of Dr. Adrian Hava, and that Dr. Hava, in contempt of the authority of this court, obtained a writ of injunction from the judge of the civil district court, division E, preventing her from selling or disposing of the property which had been ordered sold at public auction by the judgment of this court. She prayed that the judge of the civil district court, division E, and the clerk of that court, and Alfred F. Livaudais, and Dr. Adrian Hava, be ordered to show cause why the judgment of this court, which became final on the 15th of January, 1917, should not be executed and carried out, why the fund deposited in the registry of the civil district court should not be paid over to her, why the judge of the civil district court, division E, and Dr. Adrian Hava, plaintiff in the injunction suit pending in that division of the court, should not be prohibited from further executing the writ of injunction against the judgment of this court, and why the injunction proceedings should not be set aside.

In his answer to the rule, the judge of the civil district court, division E, shows that the order for the writ of injunction complained of was not issued by him; that the application of Dr. Adrian Hava for the writ of injunction was made to the judge of division D of the civil district court, in a certain divorce suit, entitled Adrian Hava v. Marie Ernestine Chavigny Hava, before the allotment of that suit; that the judge of division D, having authority to issue the preliminary order before the allotment of the suit, granted the writ of injunction, on the 30th of December, 1916, before the judgment which had been affirmed by this court in the above-entitled case became final; that he, the judge of the civil district court, division E, was not asked to recall or modify the order for the writ of injunction, or to dissolve the writ, but that, on the 9th of March, 1917, the demand of Dr. Adrian Hava for a divorce was rejected and his divorce suit, in which the writ of injunction had issued, was dismissed, and, as a consequence, the writ of injunction was dissolved.

In his answer to the rule, the clerk of the civil district court shows that he has no interest whatever in this controversy, that he acted under the orders of the judge of the civil district court, and is ready to obey the orders of this court.

In his answer to the rule, Alfred F. Livaudais refers us to the opinion handed down by this court on the 11th of December, 1916, in the above-entitled case, 140 La. 638, 73 South. 708, for a chronological statement of the facts and pleadings preceding the final judgment. He calls our attention to the fact that Dr. Adrian Hava was the only appellant in that proceeding before this court; that he, Livaudais, was not a party to the appeal, either as appellant or appellee, the appeal having been taken by Dr. Adrian Hava in vacation, without citation; that he, Livaudais, did not appear in this court, personally or through counsel, to answer the appeal, to file a brief, or for any other purpose. He alleges that, at that time, he had no interest in the issue or contest between the appellant, Dr. Hava, and the appellee, Mrs. Hava, as to whether the real estate and the

fund deposited in the registry of the court were the paraphernal property of Mrs. Hava or belonged to the community of acquets and gains between her and her husband. The respondent, Livaudais, alleged that he obtained a judgment for $2,600 against Dr. Adrian Hava in the civil district court on the 6th of June, 1916; that the partition suit against him by Mrs. Hava had been filed on the 2d of May, 1916, and did not put at issue the question whether she or the community of acquets and gains existing between her and Dr. Hava owned the ten-elevenths interest in the real estate or the fund deposited in court. He alleged that, having subsequently ascertained that the real estate and the money deposited in court belonged to the community existing between Dr. Hava and Mrs. Hava, he caused a writ of fieri facias to issue, on the 10th of August, 1916, and had the fund seized in the registry of the court; that, if his pleading in the partition suit could be considered an admission that the fund or property belonged to Mrs. Hava separately, he had made the admission in error of fact and of law, superinduced by the recitals in the public records; that the judgment rendered in the partition suit could not be the basis of a plea of res judicata on the question as to whom the fund or property belonged; that, on the 16th of August, 1916, while the appeal of Dr. Hava was pending in this court, Mrs. Hava obtained a writ of injunction from the civil district court to prevent the execution of the writ of fieri facias obtained by him, Livaudais; that she had thereby tendered for decision by the civil district court the same and identical issue that is tendered in her petition to this court for writs of prohibition, and that her injunction suit, in which that issue was tendered, was put at issue and partly tried and was assigned for further trial in the civil district court on the 20th of March, 1917.

In his answer to the rule, Dr. Adrian Hava excepted to the proceedings on the grounds: First, that notice was not given of the intention to apply to this court for writs of prohibition; second, that the allegations of the petition for the writs were not sworn to; and, third, that the plaintiff, Mrs. Hava, had not applied to the civil district court for a rescission or modification of the order for the injunction complained of in her petition, and does not allege that she sought any relief from the civil district court before making application to this court for the exercise of our supervisory jurisdiction. This respondent alleged that he filed his suit for a divorce against his wife, the plaintiff in these proceedings, on Saturday, the 30th of December, 1916, praying for a dissolution of the community existing between him and her, and for a writ of injunction to prevent her disposing of the property and fund described in her petition to this court, which he alleged belonged to the community; that, the next day being Sunday, and the next a legal holiday, his case was not allotted until Tuesday, the 2d of January, 1917; that at that time the decree or mandate of this court had not become final or executory; and that this court should not have been called upon to exercise original or supervisory jurisdiction in the premises, until the plaintiff in the rule had sought relief in the civil district court, in which the proceedings complained of were pending.

[1, 2] The facts alleged in the foregoing answers to the rule are supported by the record before us, and our conclusion is that the plaintiff is not entitled to the relief prayed for. She herself had put at issue, by her injunction suit against Alfred F. Livaudais, in the civil district court, the identical questions presented in her complaint to this court, as far as his proceedings are concerned. She had no cause or right to ask for the exercise of our supervisory jurisdiction to prohibit or set aside the injunction proceed-

ings instituted by Dr. Hava in the civil district court, without having applied to the judge of that court for a rescission or modification of the order for the injunction or for dissolution of the writ. It appears that, when she did except to the injunction proceedings in the civil district court, the suit was dismissed and the writ of injunction went with it.

The rule issued herein is recalled, and the petition for writs of prohibition is denied at the cost of the petitioner.