O’NIELL, J.
In 1894, after Mrs. M. E. 1-Iava had become the wife of Dr. Adrian F. Hava, she bought a certain house and lot in New Orleans in her own name. The deed, containing the recital that the property was purchased with the paraphernal funds and as the separate property of Mrs. Hava, was signed by her husband to authorize her. Thereafter, Alfred F. Livaudais loaned to Dr. Hava $2,600, for which the doctor gave his promissory note dated May 20, 1912. Subsequently Dr. and Mrs. Hava separated, but were not divorced. The house and lot bought by Mrs. Hava was advertised and offered for sale for delinquent taxes, and in May, 1914, Livaudais purchased one-eleventh interest in the property at the tax sale for the amount of the taxes due. He had the house insured by the Firemen’s Insurance Company against loss by Are. It was destroyed or damaged by Are in October, 1915. The loss was adjusted at $2,393; and the amount was placed by the insurance company in the hands of its attorney to be paid to the person or persons entitled to it.
On the 2d of May, 1916, Mrs. Hava sued Livaudais for a partition of the property and a division of the insurance money. She prayed to be recognized as entitled to ten-elevenths of the cash in the hands of the attorney of the insurance company, to have the real estate sold at public auction, and to be declared entitled to ten-elevenths of the proceeds. She was not authorized by her husband to institute the suit, but prayed that the judge authorize her. The case was allotted to division E of the civil district court. Livaudais excepted to the plaintiff’s proceeding without the authorization of her husband, who was within the jurisdiction of the court.
On the 24th of May, 1916, the Firemen’s Insurance Company Aled a petition in court, praying that Dr. and Mrs. 1-Iava and A. F. Livaudais be cited to answer and show to whom the insurance money should be paid. The suit was allotted to division A, and on motion of Mrs. Hava it was ordered consolidated with her partition suit in division E. Thereafter Mrs. Hava Aled a supplemental petition, praying that her husband be cited to show cause why she should not be authorized to prosecute her suit.
In answer to the suit of the Firemen’s Insurance Company, Mrs. Hava alleged that ten-elevenths of the insurance money de *257 posited by tbe company into tbe registry of the court was her separate property, and she prayed to be allowed to withdraw her part of the fund.
In answer to the suit of Mrs. Hava, Livaudais admitted that the property belonged to Mrs. Hava and him in indivisión; that he had purchased one-eleventh interest at the tax sale, and that Mrs. Hava owned the remaining ten-elevenths interest, as set forth in her petition; that ten-elevenths of the $2,393 insurance money was held for the benefit of Mrs. Hava and one-eleventh for him, by the attorney of the insurance company. He admitted that the property could not be divided in kind, and declared he had, and could have, no objection to the partition prayed for by the plaintiff:. Therefore, submitting the matter to the court, he prayed that a partition be decreed, and that the court direct the manner in which it should be effected. Then, assuming the position of plaintiff:' in reconvention, he alleged that Mrs. Hava was- indebted to him in the sum of $343.37 and interest on the various disbursements from their dates, respectively, for taxes which he had paid on the entire property, ten-elevenths of which amounted to $290.73, and for insurance premiums which he had paid, ten-elevenths of which amounted to $52.63. He prayed for judgment against Mrs. Hava for the $343.37, with interest on each payment from its date and with recognition of a lien on the insurance money and on the proceeds of the sale to be made of the real estate.
In answer to the suit of the insurance company, Livaudais prayed that the insurance money deposited in court be divided between Mrs. Hava and him according to the answer he had filed in her suit for a partition.
Thereafter Dr. Hava answered both the petition of Mrs. Hava to be authorized to prosecute her partition suit and her original petition praying for a partition. Instead of authorizing his wife to prosecute the suit, he alleged that the property belonged to the community existing between him and his wife, and prayed that judgment be rendered in his favor, declaring him entitled to the insurance money and recognizing him alone to be entitled to institute suit for a partition of the property.
Judgment was rendered in the consolidated cases as follows, viz.: Mrs. Hava was declared entitled to ten-elevenths and A. F. Livaudais one-eleventh of the insurance money deposited in the registry of the court. The real estate was ordered sold at a public auction to effect a partition. Mrs. Hava was condemned to pay Livaudais the $343.37 claimed in his reconventional demand, with legal interest as prayed for, in reimbursement of ten-elevenths of the payments made by Livaudais for taxes and insurance on the property. The amount deposited by the insurance company into the registry of the court was declared to be the extent of liability of the insurance company, and the latter was discharged from further liability. The costs were ordered paid by the mass; that is, out of the funds to be divided between Mrs. Hava and Livaudais.
Dr. Hava prosecuted an appeal from the judgment, but did not have Livaudais cited as appellee, nor did the latter appear in the case on appeal for any purpose whatever. The only question considered on the appeal— being the only question at issue between the appellant, Dr. Hava, and appellee, Mrs. Hava — was whether the property belonged to the community or was the separate, paraphernal property of Mrs. Hava. The judgment, declaring the property to be the separate property of Mrs. Hava, was affirmed, on the ground mainly that Dr. Hava was es-topped from contesting his wife’s title by his admission in the deed that the property was purchased with Mrs. Hava’s separate, *259 paraphernal funds and became her separate property. See Firemen’s Insurance Co. v. Hava et al., 140 La. 638, 73 South. 708.
In the meantime, that is, after Mrs. Hava had filed her partition suit, but before Livaudais answered it, he filed suit against Dr. Hava on the note for $2,600, and obtained judgment by confession, in division A of the civil district court. And, having come to the belief that the property that stood in the name of Mrs. Hava was in reality bought with community funds, and therefore belonged to the marital community between Dr. and Mrs, Hava, Livaudais obtained a writ of fi. fa., and had ten-elevenths of the insurance money in the registry of the court seized to satisfy his judgment of $2,600 against Dr. Hava.
Mrs. Hava then filed a petition in the original consolidated cases in division E of the civil district court, and obtained a writ of injunction to prevent a disposition of her ten-elevenths interest in the funds in the registry of the court, to satisfy the judgment against her husband. She alleged that the fund, being the proceeds or avails of the insurance on her separate, paraphernal property, belonged to her separately; that Livaudais, by purchasing one-eleventh interest in the property for taxes assessed in her name, had thereby acknowledged her title to the property. She pleaded that the question of her title to ten-elevenths of the property and of the fund in the registry of the court became res judicata by the judgment rendered in the partition suit.
When the judgment rendered by this court in the partition suit became final, she invoked the supervisory powers of the court to prevent an interference with the distribution of the fund in the registry of division E of the civil district court in accordance with the judgment. This court declined to exercise supervisory jurisdiction, mainly because the relator had submitted the matter for decision by her injunction suit in the district court. See Firemen’s Insurance Co. v. Hava, 141 La. 347, 75 South. 76.
Judgment was rendered in favor of Mrs. Hava, as plaintiff in the injunction suit, perpetuating the writ of injunction. The reasons for judgment were announced orally, but it is admitted that the judgment was based upon the pleas of estoppel and res judicata.
A. F. Livaudais, as defendant in the injunction suit, prosecuted this appeal, and assigned as errors: First, that the judge of division E of the civil district court had no jurisdiction to arrest or interfere with the execution of a judgment rendered by the judge of division A; second, that the plea of res judicata should not have prevailed, because appellant’s appearance as a party to the partition suit was not in the same capacity as that in which he was made defendant in the injunction suit; and, third, that there was no estoppel by plea in the partition suit, because the question, whether the property belonged to Mrs. Hava separately or to the marital community between her and her husband, was not a material issue between Mrs. Hava and him, Livaudais, in the partition suit, and was in fact never put at issue between them until she filed her injunction suit. The appellant died, after the case was argued and submitted, and his widow, having qualified as testamentary executrix, ■was made party hereto as appellant.
Opinion.
[1] In support of his contention that the judge of division E of the civil district court had not jurisdiction of the injunction suit, appellant’s counsel refer us to section 9 of rule 8 of the rules of the civil district court, viz.:
“Suits or proceedings, not in their nature original, but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, or to restrain or regulate the execution of process, mesne or final, in suits previously pending, shall not be docketed as sepa *261 rate suits, but shall be treated as parts of the original suits out of which they arise, and be docketed and numbered as parts of such suits and follow the allotment or assignment to the respective divisions of the court which shall have been made of the original suits.”
The injunction suit of Mrs. I-Iava, to restrain or regulate the execution of the writ of fieri facias that issued in the suit of A. F. Livaudais v. Adrian F. Hava, was not founded upon any cause pertaining to the proceedings had or judgment rendered in that suit. She did not question the legality or regularity of the proceedings had, the judgment rendered, or the writ that issued in that suit, nor dispute the right of Livaudais to have the writ executed by seizing and selling any property of Dr. Hava or the community. She contested only the right of Livaudais to seize, as the property of Dr. Hava or of the community, the fund held in the registry of the court as her property, under orders rendered by the judge of division E, in her partition suit.
Our opinion is that, under the rule quoted, the judge of division E had jurisdiction of a suit between Mrs. Hava and Mr. Livaudais involving only the question whether the fund held as the separate property of Mrs. Hava under orders previously rendered by the judge of division E, in another suit between the same parties, was her separate property or that of the community existing between her and her husband.
[2, 3] Our answer to the second proposition announced in the assignment of errors is that Livaudais did not appear in the injunction suit in a quality or capacity different from that in which he was defendant (and plaintiff in reconvention) in the partition suit, merely because he was sued as co-owner with Mrs. Hava in the partition suit and was enjoined as creditor of the community in the injunction suit. He defended both suits in his individual capacity, for himself alone.
As to the third proposition, admitting, for the sake of this discussion, that the question whether Mrs. Hava alone or the community was a co-owner of the property with Livaudais, was not a necessary issue between him and Mrs. Hava in the partition suit, it was nevertheless made an issue by his reconventional demand.
She alleged in her petition in the partition suit that she had bought the property with her separate, paraphernal funds, and that her husband had acknowledged in the deed, and again in a subsequent authentic act, that the property was her separate, paraphernal property. In his answer to the petition, Livaudais admitted that Mrs. Hava owned ten-elevenths interest in the property “as set forth in her petition,” which was as her separate, paraphernal property. On that admission of Mrs. Hava and Livaudais, and on proof to the satisfaction of the judge, that the ten-elevenths interest in the property belonged to Mrs. Hava, Livaudais obtained judgment against her for ten-elevenths of the amount he had expended for insurance and taxes on the property. Although there was no dispute between Livaudais and Mrs. Hava that the ten-elevenths interest in the property belonged to her separately and not to the community existing between her and her husband, the judgment condemning her to reimburse Livaudais for ten-elevenths of the amount he had expended for insurance and taxes on the property was, in effect, a decree that ten-elevenths of the property belonged to her separately, and that the expenditure was made for her separate benefit.
It is argued by the learned counsel for appellant that he was only entitled to a judgment in rem for reimbursement of the amount expended for taxes, and that he was not entitled to any reimbursement of the insurance premiums, because he had no right to insure Mrs. Hava’s interest in the property. Those questions might and should have been considered, if they had been propounded, as a *263 defense to Livaudais’ reconventional demand in the partition suit; but it is too late for Livaudais to question the justness of his demand after having obtained a final judgment on it.
[4] The allegation of Livaudais that he was deceived by the declaration of Dr. and Mrs. Hava that the property was bought with her paraphernal funds, and that he was not informed that their declaration was false until the judgment in the partition suit had become final, is of no importance. It may well happen, after a judgment in a suit to set aside a contract made in fraud of the rights of a creditor of one of the contracting parties has become final, that evidence is discovered that would have produced a different result if it had been discovered before or during the. trial. But it will not do to reopen a case to consider newly discovered evidence after the time allowed for a new trial on that ground has passed.
The appellee prays for damages for a frivolous appeal, but the earnestness and ability displayed by the learned counsel for appellant in the prosecution of the appeal convince us they were very serious and hopeful in taking the appeal.
The judgment is affirmed, at appellant’s cost.