LECHE, J. This case involves the same issues presented in that of State v. Elias Rout (No. 23300) 80 South. 196,[1] this day decided, and for the reasons there given the judgment herein appealed from is affirmed.

━━━━━

(80 South. 197)

No. 23135.

HAVA v. CHAVIGNY.

(June 29, 1918. Rehearing Denied Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR ⬅790(3) — DISMISSAL — ADJUDICATED QUESTION.

A husband's appeal from the ex parte dissolution on an exception of no cause of action of injunction obtained by him to restrain defendant from disposing of or incumbering any property belonging to marital community will be dismissed, where a final decree in a pending case declared the fund and realty to be defendant's separate property and had effect of releasing the property from the injunction.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Suit for divorce by Adrien Hava against Marie E. Chavigny, wherein plaintiff obtained an injunction preventing defendant from disposing of or incumbering any property belonging to the marital community. Suit for divorce dismissed and writs of injunction dissolved on an exception of no cause of action, and plaintiff appeals. Appeal dismissed.

See, also, 78 South. 594, 143 La. 365.

W. O. Hart, of New Orleans, for appellant.
Charles Louque, of New Orleans, for defendant appellee.
Hall, Monroe & Lemann, of New Orleans, for appellee Whitney Central National Bank.

O'NIELL, J. The main demand in this suit is for a divorce and a settlement of the marital community. Those matters, however, are not before us on this appeal.

As an incident to his main demand, the plaintiff obtained a writ of injunction preventing the defendant from disposing of or incumbering any property belonging to the marital community. He alleged that certain real estate recorded in his wife's name, and a certain fund held in the registry of the court, under orders in certain suits (to which the present plaintiff and defendant and A. F. Livaudais and the Firemen's Insurance Company were parties), belonged to the community. The defendant was, therefore, also enjoined from disposing of that property or fund. The recorder of mortgages and the register of conveyances were enjoined not to record any mortgage or disposition of the real estate; and the clerk of court was enjoined not to pay to the defendant the fund held by him under orders in the other suits.

The plaintiff's suit for divorce was dismissed and the writs of injunction were thereby dissolved, on an exception of no cause of action; and he appealed. In the meantime, judgment was rendered in the other suits, consolidated, entitled Firemen's Insurance Co. v. Hava et al. and Hava et al. v. Livaudais, decreeing the fund in the registry of the court, and the real estate recorded in the wife's name, to be her separate property. The judgment was affirmed by this court, after the plaintiff had appealed from the judgment dismissing the present suit (see Firemen's Ins. Co. v. Hava and Hava et al. v. Livaudais, 143 La. 254, 78 South. 486); and, when the mandate of this court was sent down for execution, the district judge entered an order, ex proprio motu and without notice to the plaintiff, amending his order of injunction so as to exempt from its operation the fund and real estate that had been finally decreed to be the separate property of the defendant. From that order, the plaintiff took this suspensive appeal.

The defendant has moved to have the appeal dismissed, because the issue presented

---

[1] Ante, p. 53.

has been finally disposed of, and the order appealed from, therefore, did not cause injury or prejudice to the defendant.

Our conclusion is that the motion must prevail, for there is nothing left for decision on this appeal. The order appealed from was unnecessary and without effect. The final decree of this court, declaring the fund and real estate to be the separate property of the defendant, had the effect of releasing the property from the injunction. Hence it cannot be said that the ex parte order of the district judge, merely carrying out the mandate of this court, caused injury or prejudice to the plaintiff. He was not entitled to an appeal from that order.

The appeal is dismissed at appellant's cost.