The judgment appealed from is affirmed, at appellant's cost.

O'NIELL, J., takes no part, having been absent during the argument.

PROVOSTY, J., absent on account of illness, takes no part.

(79 South. 871)

No. 23304.

BROOKS–SCANLON CO. v. RAILROAD COMMISSION OF LOUISIANA.

In re RAILROAD COMMISSION OF LOUISIANA.

(Nov. 4, 1918.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⬥209(1)—SUPERVISORY CONTROL— CONSIDERATION OF MERITS.

In suit to set aside order of Railroad Commission, wherein an injunction, obtained by commission, was set aside, and it applied for writs of certiorari and prohibition, validity of order can be passed upon only by virtue of Supreme Court's jurisdiction on appeal in regular course.

2. COURTS ⬥207(2, 5) — SUPERVISORY JURISDICTION—DENIAL OF REMEDY.

In such suit, wherein injunction obtained by commission was set aside on bond, and where it made no demand on trial judge to vacate order of dissolution or any attempt to suspend execution of order by suspensive appeal, its application to Supreme Court for supervisory writs of certiorari and prohibition will be denied.

Suit by the Brooks-Scanlon Company against the Railroad Commission of Louisiana to have an order of the commission set aside, in which defendant obtained an injunction. Injunction set aside, and the commission applies for writs of certiorari and prohibition. Writs refused.

W. M. Barrow, Asst. Atty. Gen., for relator.

R. C. & S. Reid, of Amite, for respondent.

LECHE, J. The Railroad Commission of Louisiana, relator in the present proceeding, after due hearing, issued on August 5, 1918, its order No. 2228, directing plaintiff, the Brooks-Scanlon Company, to operate its narrow gauge line of railroad between Kentwood, La., and Hackley, La., by running mixed passenger and freight trains thereon upon such convenient schedules and upon such days as may be approved by the commission. On August 16, 1918, the plaintiff then brought suit in the district court, in the

parish of East Baton Rouge, to have the order 2228 set aside and annulled as unjust, unreasonable, and ultra vires. Shortly thereafter, relator answered the demand of plaintiff, and, alleging that plaintiff was taking up the rails and tearing the track of its railroad, reconvened and obtained on September 5, 1918, an order of injunction prohibiting plaintiff from disturbing or destroying its railroad track between Kentwood and Hackley. On application by plaintiff, the district judge set aside the order of injunction on a bond for $75,000, whereupon relator filed in this court the present proceeding, in which it prays that a writ of prohibition issue to the judge of the Twenty-Second judicial district court for the parish of East Baton Rouge and to the plaintiff herein, forbidding them from further proceeding in said cause, and commanding them to show cause why said writ of prohibition should not be made perpetual.

### Opinion.

[1] In the briefs filed by relator and by respondent, much of the argument is devoted to the merits of the controversy now pending between the parties in the district court. We are powerless at the present time to trench upon the question of the validity of the order No. 2228 of the Railroad Commission, because that matter may only be passed upon by this court by virtue of its appellate jurisdiction when the case comes up on appeal in regular course.

[2] The preliminary question to be decided here is whether relator has the right to invoke the supervisory process of this court without first exhausting its remedies in the trial court. After the respondent judge ordered the injunction of September 5, 1918, set aside on bond, relator made no demand upon him, either to vacate the order of dissolution, which he might have done in a proper proceeding, nor did it attempt to suspend the execution of the said order of dissolution by suspensively appealing from it; but relator at once, without giving the trial judge an opportunity to correct the error, if error there was, in issuing said order, applied to this court for remedial writs. Relator made no attempt to obtain relief from the district court, but at once came here for redress, which, so far as the record shows, has never been refused to it, and which most likely it might readily have secured from that tribunal.

We lately held in the case of Firemen's Insurance Co. v. Hava, 141 La. 347, 75 South. 76, that:

"The Supreme Court will not exercise supervisory jurisdiction by the issuance of a writ of prohibition to a court of original jurisdiction, when it appears from the record that the party complaining has made no attempt to obtain relief, and might have obtained it, from the court of original jurisdiction."

The rule of practice as thus announced rests upon numerous adjudications of this court. It is sound, conservative, and necessary to the orderly administration of justice; and by reason thereof, it is ordered that the rule to show cause, herein issued, be vacated, and the writ applied for refused, at the costs of relator.

PROVOSTY, J., absent on account of illness, takes no part.