## No. 10,336.

### SUCCESSION OF ANNA MARIA BELLANDE.

The Civil District Court for the Parish of Orleans exercises a blended probate and general ordinary jurisdiction and has authority to pass upon questions of ownership of real estate, when raised by an opposition to an account involving the character of the title of such property.

An opposition filed *after* an account has been homologated, as far as not opposed, and before final judgment, and which simply joins in an opposition filed *before* such homologation, does not come too late.

Evidence is admissible from a surviving husband to show *error* in an act reciting that certain real estate was acquired by his wife with her paraphernal funds and for her separate benefit and advantage, although he was a party to the act.

Evidence is likewise admissible from him to show that the paraphernal property of the wife was improved by the community and that the value of the improvement is common property.

The rulings in 33 Ann. and in 40 Ann. 379 have no bearing, as the charge of error was not made then as it is in this case.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

---

*A. J. Lewis* for the Administrator, Appellant.

---

*H. H. Bryan* for the Opponents, Appellees.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The final account and tableau presented by the administrator of this succession and who is the surviving husband in

community of the deceased, is opposed by one of her heirs, on the ground, that the rents and revenues yielded since the death by a piece of real estate which was the paraphernal property of the wife, have been accounted for, as though the property formed part of the community.

To this pretension, the husband has filed defences which go to the *jurisdiction* of the court to try the issue of the ownership and to establish that, although the title was taken in the wife's name with the recital that the purchase was made for herself, her heirs and assigns, with her own separate and paraphernal funds, the statement was made *in error*, and that the value of the property is an acquet of the partnership affairs.

After the amount had been homologated, as far as not opposed, certain parties intervened and joined in the opposition already filed, to a certain extent.

The opposition is levelled at other *items* of the account and was passed upon in that respect, by the lower court, in a manner which does not appear to be an object of complaint in this court.

On the trial, the husband administrator offered to introduce proof to show the alleged *error* in the recital of the act of purchase; but the court refused to admit any, considering that the husband, under whose authority the purchase and investment had been made, was estopped from contesting its contents.

An offer was also made to show that, although true it may be that the naked lot was acquired by the wife, as her separate property, the same had been improved, during the community, by the putting up of buildings upon it, which, at the dissolution of the community, became the property, share alike, both of the surviving husband and the succession or heirs of the deceased wife; but the court declined to hear the evidence on the same ground.

Bills were reserved to the rulings thus made.

## I.

There can be no doubt that the court had jurisdiction *ratione materiæ* of the matters in controversy, whether it acted exclusively as a probate court, or as a court exercising an ordinary and general jurisdiction, probate included.

The distinction which existed formerly between the jurisdiction of probate courts and civil courts of ordinary general jurisdiction, has been obliterated by Art. 130 of the Constitution, and the Civil District Court for the parish of Orleans, blending both jurisdictions, had the right to

Succession of Bellande.

hear and determine the issues presented, regardless of the fact that, even if it sat as a probate court only, it would nevertheless have such jurisdiction *ex necessitate* in the instant case.

## II.

The heirs who filed an opposition, after the account had been homologated, as far as not opposed, had a right to do so, for the plain reason, that their sole object was to join in the opposition already filed, which, from a legal standpoint, impliedly protected them as effectually as if they had been named in it. This supplemental opposition did not therefore come *too late.*

## III.

However true it may be that a husband, under whose authority a wife acquires property with the recital in the act that the purchase is made by her with her separate and paraphernal funds and for her exclusive benefit and advantage and that of her heirs and assigns,—may be, as a rule, estopped from contesting the verity of the statement and the character of the investment, it does not follow that he must necessarily be shut out from all right to attack the act, on grounds which he might have urged against others than his wife, such as *error,* violence or fraud.

The recital, in the absence of a denial by forced heirs or creditors, operates as *prima facie* proof in favor of the wife and her heirs and the burden is upon the husband opposing on proper ground to throw the door open. Burns vs. Thompson, 39 Ann. 377.

The rulings in 35 Ann. 33 and in 40 Ann. 579, relied on, have no bearing, as no charge of *error* was made there as it is here.

This right to attack on proper charge, the husband possesses as well against the wife and her heirs, but he must be held to substantiate it by strong legal and convincing evidence.

Granting that the naked lot was purchased by the wife as her property, it cannot be irresistibly claimed that the buildings said to have been subsequently put upon it, have not been erected by the community and that their *value* does not form part of its assets. See 39 Ann. 413.

If such be the case, the surviving husband has the right to offer valid proof to establish the fact and the court must be guided accordingly.

We think the court erred in refusing the evidence offered and that the bill taken to its ruling is well founded.

It is, therefore, ordered and decreed that the judgment appealed from, as far as it effects the real estate and improvements in question (No. 94 Fourth street, in this city), be reversed; that the exceptions of

Heirs vs. Murdock.

the administrator to the jurisdiction of the court and to the opposition filed *after* the partial homologation of the account, be overruled, and that the case be remanded to the lower court for further proceedings, according to the views herein expressed and according to law; and that, in other respects, *said* judgment remain undisturbed; the costs of appeal to be paid by appellees and the other costs to abide the final determination of the opposition.