ST. PAUL, J.
 

 This is a suit for the partition of certain real estate standing in the name of Mrs. Bella Loeb Casso, deceased. Plaintiff is a sister of the deceased, and defendants are her nephews and nieces, children of another predeceased sister. The intervener (father of the defendants) is the surviving husband of the deceased.
 

 I.
 

 The issue involved is whether said property belongs to the separate estate of the deceased or forms part of the community formerly existing between her and her husband, the intervener. If it forms part of the community, then the intervener owns one half thereof in his own right and inherited the other half thereof upon the death of his wife, she having left neither children of her own nor surviving parent; whereupon, neither plaintiff nor defendants would have any interest whatever therein. On the other hand, if said property belongs to the separate estate of the deceased, then it was inherited wholly by plaintiff and defendants, her nearest of kin, and the intervener has no share therein.
 

 II.
 

 The’ property, though standing in the sole name of the deceased wife,' was bought during the marriage. But the deed by which the -wife acquired the property declared that it was sold to the wife
 
 “appearing and acting in her separate and paraphernal right,
 
 * * *
 
 purchasing for herself in her separate and paraphernal capacity”;
 
 and this deed was witnessed and signed by the husband.
 

 Of course, such a declaration by the husband does not bind his
 
 forced heirs
 
 nor his creditors (or creditors of the community) whose claims arose
 
 before
 
 such purchase. Kerwin v. Insurance Co., 28 La. Ann. 312; Kerwin v. Insurance Co., 35 La. Ann. 33. But,
 
 except as to these,
 
 “the rule has been repeatedly affirmed that a husband who has been a party to an act of purchase in which it is declared that the price belonged to the wife in her paraphernal right, and that the property is to be such,
 
 cannot afterwards contradict it;
 
 * * * the rule is founded on considerations of public policy and for the security of titles.” Breeding v. Breeding, 5 Orleans App. 263; citing Maguire v. Maguire, 40 La. Ann. 579, 4 So. 492; Succ. of Bellande, 42 La. Ann. 241, 7 So. 535; Brown v. Stroud, 34 La. Ann. 374; Compton v. Maxwell, 33 La. Ann. 688; Drumm v. Kleinman, 31 La. Ann. 124; Stewart v. Mix, 30 La. Ann. 1036; Armorer v. Case, 9 La. Ann. 242; Succ. of Bellande, 41 La. Ann. 493, 6 So. 505. See, also, Moore v. Stancel, 36 La. Ann. 819; Barbet v. Roth, 16 La. Ann. 271; Fireman’s Ins. Co. v. Hava, 140 La. 638, 73 So. 708.
 

 
 *943
 
 And' here there are no forced heirs of the husband (since he is still living), and no suggestion that there are any creditors whose rights may be affected by the estoppel resulting from the declaration aforesaid.
 

 III.
 

 The intervener urges, and the trial judge thought, that the foregoing declaration was not sufficient to bind the husband because it did not recite
 
 tot verbis
 
 that the price given for the property was paid out of the separate funds of the wife.
 

 But there is nothing sacrosanct about the form of the declaration which the husband makes. It suffices that he allows the property to be put in the name of the wife, instead of his own, as head of the community, and that he
 
 acknowledges
 
 that such property belongs to the separate estate of his wife. It is the
 
 fact
 
 of such acknowledgment, and not the
 
 form
 
 thereof, which concludes the husband and those claiming -under him. Cf. Stewart v. Mix, 30 La. Ann. 1036; Brown v. Stroud, 34 La. Ann. 374; Karcher v. Karcher, 138 La. 288, 70 So. 228.
 

 IV.
 

 We have preferred in this case to put our decision squarely upon the ground that the declaration of the husband is conclusive upon him. In point of fact, however, the evidence confirms the
 
 truth
 
 of the declaration; for it shows that the wife had money of her own which her husband borrowed from her before the marriage and returned to her just when this property was purchased. It may be that he added to the sum thus returned something above the amount he owed her with interest thereon. But it is impossible from this record to establish the amount of such surplus, if indeed there were any. And as to the claim that the property was improved with community funds, that fails to take into consideration the rents and revenues of the property which must have more than sufficed to reimburse the community for all sums so expended. Our conclusion is that the community has no claims against this property.
 

 V.
 

 The deceased had also a brother, who disappeared more than 20 years before her death and has never been heard from since. He is made a party to this suit, through a curator ad hoc, as if he had an interest in this property. But he has no interest therein, since he had none when he disappeared, and his very existence was unknown at the time the succession of his sister was opened in his favor. Hence the entire succession devolved exclusively upon his coheirs, subject only to his right to reclaim from them his. proportion of the inheritance, should he reappear within 30 years from the death of his sister. R. C. C. arts. 77, 78; Gahn v. Brown, 160 La. 790, 107 So. 576; Succ. of Derigny, 156 La. 146, 100 So. 251; Succession of Derigny, 133 La. 382, 63 So. 56; and,
 
 especially,
 
 Martinez v. Wall, 107 La. 737, 31 So. 1023.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that the intervention of Lucien Oasso, Senior, be rejected at his cost.
 

 It is further ordered that the property herein sought to be partitioned be sold for-cash at public auction by the sheriff of Ascension parish, and the net proceeds thereof-distributed one half to plaintiff and the other half to the defendants in equal portions, the costs of this appeal to be paid by the intervener.