HAMITER, Justice.
 

 Defendant is appealing from a judgment which decreed nine different parcels ' of real estate in the City of New Orleans to be the separate and paraphernal property of his wife, the plaintiff herein, and which enjoined him from interfering with her in any way in the management, control, use and enjoyment thereof.
 

 The properties involved, the title to each of which is in the wife’s name, are known as (1) a lot of ground on Clouet Street, (2) 209 Olivier Street, (3) 210-12 Olivier Street, (4) 214-16 Olivier Street, (5) 215 Olivier Street, (6) 319-21 Delaronde Street, (7) 219-21 South Gayoso Street, (8) 1825-27-29 Peniston Street, (9) 3135— 37 Louisiana Avenue Parkway.
 

 Appellant offers no contest as to the first four above described parcels; in fact, in his answer, he admitted that they belong to his wife’s separate estate.
 

 With reference to those known as 215 Olivier Street and 319-21 Delaronde Street, he averred in the answer that they belong to the community of acquets and gains existing between himself and his wife. But on the trial of the case no evidence was offered in support of that averment; whereas, appellee conclusively proved, by both parol and documentary evidence, that they constitute her separate property. The wife was entitled to make that proof, notwithstanding that the deeds by which she acquired contained no declarations that the property was purchased for her separate estate. Kittredge v. Grau, 158 La. 154, 103 So. 723; Succession of Farley, 205 La. 972, 18 So.2d 586.
 

 Remaining for our consideration are the Gayoso Street, Peniston Street, and Louisiana Avenue Parkway properties. Appellant insists that these are owned by the community, and he complains here of the district judge’s refusal to permit his introducing proof of such ownership. The reason for the exclusion of the evidence, so the record discloses, was that the acts by which the titles were acquired, and in the execution of which appellant joined, contained the declarations that the wife was purchasing with her separate and paraphernal funds, under her own administration and control, and for her separate estate. Thus, the ruling was predicated on the well settled principle of law that a husband who has been a party to an act of purchase in which it is declared that the price belonged to the wife in her paraphernal right, and that the property is to be such, cannot afterwards contradict it. Kerwin et al. v. Hibernia Insurance Company, 35 La.Ann. 33; Maguire v. Maguire, 40 La.Ann. 579, 4 So. 492; Pfister v. Casso et al., 161 La. 940, 109 So. 770.
 

 This general rule of estoppel is recognized by defense counsel, but they maintain that it is not applicable here. They argue that since error by the husband in the signing of the acts was alleged in his answer, this case is governed by the exception announced in the syllabus of Fireman’s
 
 *433
 
 Insurance Company v. Hava et al., 140 La. 638, 73 So. 708, that:
 

 "In the absence of an allegation of error,
 
 violence, or fraud, the husband is estopped to deny the declaration made by him and contained in an act of sale that the property is purchased with the separate, paraphernal funds of the wife, and that it is her separate property.” (Italics ours)
 

 Assuming for the sake of argument, and for that purpose only, that the Hava case authorizes a husband on properly alleging error to contradict his solemn declaration that the property purchased belongs to the wife’s separate estate, we are of the opinion that the allegations of error made by thi§, defendant (pleaded against only two of the three acts) can avail nothing and that the evidence was correctly excluded.
 

 What he alleged, as to the recitals of paraphernality, was merely that “he is unaware of and knew nothing of such legal clauses, and if same were in there they were in there without his knowledge or consent, and that if he signed such an act with such legal clauses, he signed it under a mistake of fact and a mistake of law.” No claim is made that his signature to the acts was fraudulently obtained.
 

 Even if evidence were offered in support of the allegations that “he is unaware of * * * knew nothing of such legal clauses * * * they were in there without his knowledge or consent * * * he signed it under a mistake of fact * * * ” clearly the proof would be ineffective. All three acts, passed before three different notaries public, unquestionably contained the clauses in question when defendant signed. It is incumbent on a person before signing an instrument to read it if he can read, and if not to have it read to him and to listen attentively thereto. Succession of Bellande, 42 La.Ann. 241, 7 So. 535; Snell et al. v. Union Sawmill Company et al., 159 La. 604, 105 So. 728.
 

 Similarly, defendant cannot benefit from his allegation that “he signed it under * * * a mistake of law.” In the first place this is but an allegation of a mere conclusion. Secondly, one is under an error of law, according to Revised Civil Code, Article 1822, “who is truly informed of the existence of facts, but who draws from them erroneous conclusions of law”; whereas, defendant, in contradiction, to this codal provision, shows in his pleadings that he “was unaware of” and “knew nothing of” the existence of the facts, the assailed paraphernality clauses.
 

 Finally, appellant contends that the properties were purchased on terms of credit and were paid for out of revenues derived therefrom during the existence of the community; hence, he argues, the “particular credit portion would certainly be community property.” The acts by which the wife obtained the titles do not indicate that the purchases were on terms of credit; rather cash transactions are disclosed. If they were so made, however, the properties, insofar as the husband is concerned and because of the above discussed clauses, belong to the wife’s separate estate. Ker
 
 *435
 
 win et al. v. Hibernia Insurance Company and Pfister v. Casso et al., both supra.
 

 For the reasons assigned the judgment appealed from is affirmed.