HARDY, Judge.
This action was instituted by plaintiff against his former wife, seeking judgment declaring the title to a described thirty acre tract of land located in Ouachita Parish as -belonging to the community of ac-quets and gains formerly existing between the parties, and decreeing him to be the owner of an undivided one-half interest therein. Defendant appeals from judgment in favor of plaintiff.
The undisputed facts disclosed by the record, which we regard as being material to a determination of this controversy, are that parties plaintiff and defendant were married on July 22, 1924, continued to live together as husband and wife until a voluntary separation in 1938; that a judgment of separation was pronounced April 6, 1939, followed by a judgment of divorce dated October 16, 1941. Defendant acquired the property in question by deed dated September 28, 1928, which recited a consideration of $300 cash and contained the declaration that the property was purchased by defendant wife with her own separate, para-phernal funds and was intended to belong to her separate and paraphernal estate.
Plaintiff’s petition, filed September 17, 1958, lacking approximately ten days of being thirty years after the execution of the deed of conveyance and approximately seventeen years after the judgment of divorce, denies the correctness of the declaration in the deed that the purchase was made with the separate funds and for the benefit of the separate estate of defendant; further alleges that petitioner neither signed the deed nor subscribed thereto as a witness, and that the property in dispute, accordingly, fell under the community of acquets and gains existing between the parties. On the basis of these allegations plaintiff relies upon the legal presumption that the property acquired during the existence of the community comprised an asset thereof under LSA-C.C. Articles 2402 and 2405, which presumption is rebuttable *600 only by clear, positive and convincing evidence.
In answer to plaintiff’s petition defendant averred that the consideration recited in the deed was paid out of her own separate and paraphernal funds, the sources of which she asserted with particularity. However, during trial of the case, on June 30, 1960, defendant filed pleas of estoppel and prescription, which were overruled by the district judge in accordance with reasons assigned in a written opinion.
We are convinced from our examination of the record that the determining factors upon which a judgment must be based in the instant case is presented by defendant’s plea of estoppel.
Conceding the well established principle that estoppels are not favored by our law, we are, nonetheless, impressed with the facts which are established in connection with defendant’s reliance upon this plea.
In numerous cases our Supreme Court has held that a plea of estoppel will be sustained in those instances in which a husband appears as a party to the act of acquisition which contains the declaration that the wife was purchasing with her separate and paraphernal funds and for the benefit of her separate estate. Epitomizing this line of jurisprudence is the case of Rousseau v. Rousseau, 209 La. 428, 24 So. 2d 676 (followed in Willis v. Gordon, La. App., 94 So.2d 99). In the cited case the act of conveyance contained the declaration that the price was paid from the wife’s separate and paraphernal funds and the property was to constitute a part of her separate estate. The husband joined in the execution of the document, and the court held that he could not thereafter be heard to contradict the recitals thereof, even under the allegation of a mistake of fact and of law, and even though he had not read or attentively listened to the reading of the instrument. The opinion of the court served to firmly re-enunciate theretofore well established principles of our jurisprudence.
In the instant case it is true that the husband did not join in the execution of the instrument, nor does his signature appear thereon as a subscribing witness, and, under a purely technical construction of our jurisprudence on this point, it would appear that judgment rejecting the plea of estoppel should be maintained.
However, we are so firmly impressed by the salient facts in connection with the confection and execution of the act of conveyance here involved that we cannot justify the rejection of the plea upon the technical holding that plaintiff did not affix his name in any capacity to the act in question. The facts in this respect are undisputed, indeed, they are incontrovertibly established by the testimony of the plaintiff himself on trial of the case. The named vendor in the instrument dated September 28, 1929, was Mrs. Lorinda Monk, mother of the plaintiff, who at the time of execution of the act of sale was paralyzed, bed-ridden and in complete awareness of the imminence of death, which, in fact, occurred within a few days subsequent to the execution of the document. The deed was prepared by some unidentified person in the courthouse at Monroe at the request of plaintiff and his brother, Clarence. Plaintiff testified that his brother “almost dictated the deed” to the person by whom it was prepared; that he was present throughout the entire time; that he took possession of the deed; that he and his brother returned to Calhoun where they picked up Mrs. Pearl Hamilton, the postmistress and a notary public, who accompanied them to the home of Mrs. Lorinda Monk, who signed the deed in the presence of Mrs. Henrietta Bryan and C. G. Monk, as attesting witnesses, and the said notary. Plaintiff was present throughout this entire period of time and was fully aware of the execution of the instrument. Following the execution of the deed, plaintiff took possession of the instrument, kept it overnight and returned it to the courthouse the next day (September 29th) for recordation.
*601 We think it is of further interest, and perhaps some significance, to note that, when examined as to the reasons for his long delay in initiating proceedings attacking his wife’s ownership of the property, plaintiff frankly stated that he was "advised” to wait until the development of the oil boom in the near vicinity of the property.
While we have been unable to find any cases squarely on point, the only possible distinction between the instant case and the authorities maintaining a plea of estop-el is found in the failure of this plaintiff to place his written signature upon the instrument by which his wife purportedly acquired the property for the benefit of her ■separate estate. To rest a conclusion upon a mere technicality of this nature would appear to us as lending countenance and stamping with the seal of judicial approval a conclusion which is otherwise, from every standpoint, inequitable and unjust. Under the facts above narrated, we think the support of defendant’s plea of estoppel is stronger, better substantiated and more conclusive in effect than the numerous cases in which the plea has been sustained solely upon the basis of the husband’s signature upon the instrument itself. A signature in itself adds nothing to the elements upon which a plea of estoppel is based, but only served as an irrefutable acknowledgment thereof. Where an equal or more convincing awareness of the understanding and effect of his acts is conclusively evident from the sworn testimony of the husband, we can find no adequate reason for disregarding the same. The transaction by which the wife acquired the property involved was entirely initiated and carried through by the husband, whose knowledge of the contents of the act was full and complete in every detail. To permit him to repudiate his own voluntary actions would be to condone his lack of good faith. Particularly is this true in view of the unreasonable laches on his part, coupled with the admission that his present action is attributable to the prospective increase in value of the property, with respect to which he has never theretofore bestirred himself to the extent of displaying any interest or asserting any claim.
It is our opinion that judicial pronouncements, with certain rare exceptions, are and properly should be founded upon reason. The mere absence of the signature of the husband in the instant case has no bearing upon his full knowledge and acquiescence in the contents of the instrument which he here attempts to set aside. Under such clear proof the presumption accorded by law as to the community nature of the property has been forcefully and convincingly repudiated by positive and uncontroverted evidence.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that the plea of estoppel fijed herein on behalf of defendant be and it is sustained ; and
It is further ordered, adjudged and decreed that plaintiff’s demands be and they are hereby rejected and that the full ownership of the following described property situated in the Parish of Ouachita, State of Louisiana
East One-Half of the Northeast One-Quarter of the Southwest One-Quarter (E y2 of NE 4 of SW 14) ; and the East One-Half of the West One-Half of the Northeast One-Quarter of the Southwest One-Quarter (E of W 4 of NE 4 of SW 4) of Section Thirty-one (31), Township Eighteen (18) North, Range One (1) East;
be and it is declared to be vested in the defendant, Mrs. Etta Bell Monk, presently the wife of John Costin, Jr., with all the rights appertaining thereto.
It is further ordered that all costs of both courts be and they are hereby assessed against plaintiff-appellee.
BOLIN, J., dissents, giving written reasons.