305 So.2d 570 (1974)
Mrs. Gladys Bernard, wife of Weber B. STEVENS
v.
The CLAIBORNE COMPANY.
No. 6559.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1974.
*571 John H. Gniady, Bagert & Bagert, New Orleans, for appellant.
Michael J. Moran, Bridgeman & Conway, Metairie, for appellee.
Before REDMANN, LEMMON and BOURG, JJ.
REDMANN, Judge.
We granted certiorari to review a refusal to preliminarily enjoin foreclosure of a mortgage granted by defendant wife alone upon property declared by counter-letter recorded two years prior to the mortgage to have been acquired as community property, though the initial acquisition recited that the wife acquired it as her separate property.
Community property cannot be mortgaged by the wife, C.C. arts. 3300 and 2404; Mid-State Homes, Inc. v. Davis, La.App.1965, 173 So.2d 326.
The creditor's principal argument is based on the rule that spouses who join in a deed reciting separateness of the property being acquired (as did ours) are estopped to deny its separateness; C.C. art. 2238; Rousseau v. Rousseau, La.1946, 209 La. 428, 24 So.2d 676. The creditor would conclude that not even a counter-letter recorded prior to the creditor's mortgage can be admissible to show that the property was acquired for the community.
Neither Rousseau nor any other authority the creditor cites supports a conclusion that, for purposes of lending money to be secured by mortgage, a third person may rely upon a previous recital of separate acquisition while ignoring a recorded counter-letter declaring community acquisition, on a theory that the earlier recital creates an eternal estoppel. "To raise an equitable estoppel, the record must establish not only that the pleader relied upon a representation or other conduct, but also that he was justified in so doing. Justifiable reliance is fundamental." American Bank & T. Co. v. Trinity Univ. Inc. Co., 1967, 251 La. 445, 205 So.2d 35, 40.
Reliance upon a 1964 acquisition without appropriate examination of the public records for subsequent alienation or encumbrance, for purposes of determining interests in the land in 1970, is not justifiable. Intervening sale or mortgage by the owner, or inscription of judgment or privilege or tax lien by a creditor, could have destroyed the 1964 acquirer's interest. In our case the 1967 recorded counter-letter disclosed that the acquirer's interest was merely that of a wife in community, and eliminated the former appearance of ownership in the wife, including authority to mortgage the property. While counter-letters cannot affect persons who became creditors or purchasers prior to the recordation of the counter-letters, State v. Recorder of Mortgages, 1932, 175 La. 94, 143 So. 15, "they are valid as to all others;" C.C. art. 2239. See also Stacy v. Midstates Oil Corp., 1947, 214 La. 173, 36 So.2d 714, at 717. Specifically, the recorded counterletter is valid against one who takes from the prior record owner a mortgage subsequent to the recordation of the counter-letter; Cannella v. Cannella, La.App. 1950, 46 So.2d 377.
The counter-letter here, recorded in 1967, was effective against plaintiff in 1970 when plaintiff became the wife's creditor. The mortgage the wife attempted to grant on the community property was therefore invalid.
That the wife, as the sole defendant, has standing to assert the invalidity of the mortgage was decided by Mid-State Homes, Inc. v. Davis, supra. If it be theoretically preferable that the husband should assert the community's freedom from the mortgage, plaintiff does not urge this ground for denying the wife the injunction against foreclosure. Indeed, such a holding would but prompt the husband to sue to enjoin and thus would afford no real relief to the plaintiff creditor.
*572 The creditor alternatively argues that, because the cash portion of the purchase property was the wife's separate property (though $1,700 of it came to the wife by check from the husband), the property is in fact separate, subject only to the community's claim for reimbursement of the payments of the credit portion of the price. The law is to the contrary. All property acquired during the marriage is presumed to be community, "even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. . . ." C.C. art. 2402. "[T]he presumption is not overcome by a mere declaration of the spouses in a deed to the wife that the latter is purchasing with her separate and paraphernal funds, under her separate administration.. . ." Taylor v. Dunn, 1957, 233 La. 617, 97 So.2d 415, 421. To establish paraphernality in a credit sale, one added requirement is proof that the wife "not only made the down payment out of her separate and paraphernal funds, but that she had sufficient separate revenues and funds to make the purchase with reasonable certainty of being able to meet the deferred payments." Betz v. Riviere, 1947, 211 La. 43, 29 So.2d 465. See also Succession of Schnitter, 1951, 220 La. 323, 56 So. 2d 563, where land was held community though $2,500 of its $2,800 price was paid with the wife's separate funds.
The creditor's last argument is that the husband tacitly or "passively" ratified the mortgage debt after learning of it, by inaction and by allowing the wife to tender $400 partial payment. C.C. art. 3303 provides implied ratification of an unauthorized agent's mortgage if the principal "had received the money for the loan, or it had been usefully employed for his benefit.. . ." Those circumstances are not alleged in our case; the wife allegedly used the money for gambling. We find no authority other than art. 3303 to support implied ratification of an unauthorized mortgage. We conclude no ratification occurred.
To avoid construction of our judgment to prevent future foreclosure should the wife become an unqualified owner (see C. C. art. 3304), we note that our injunction is based exclusively on the wife's lack of authority to mortgage community property.
The judgment refusing injunction is set aside and it is ordered that, upon Mrs. Gladys B. Stevens furnishing $250 security (against wrongful injunction, C.C. P. art. 3610), preliminary injunction issue against foreclosure by the Claiborne Company, a partnership of Ben Daly Bridgeman and Sidney Bridgeman, of the mortgage before Ben Daly Bridgeman, N.P., of March 9, 1970, recorded in M.O.B. 2164 fo. 567, affecting No. 2010 Mandolin street, Lot B of Square 3040, Third District of New Orleans. Defendant Mrs. Stevens is to pay all costs.