REDMANN, Judge.
An ex-husband sued his ex-wife for a partition of their former marital community by licitation. A notary public was appointed only to take an inventory (which he did). The ex-wife then answered, objecting that partition by licitation was not necessary for every asset of the community; she also sought attorney’s fees and an accounting of all property acquired during the marriage and of all income after the parties’ separation.
The trial judge treated the wife’s answer as a traversing of the inventory, in respect to two items, namely Mississippi property and certain interests in employee stock and retirement plans arising from the husband’s employment.
The wife argues about other matters, upon which the trial judge apparently reserved consideration until after the actual effecting of the partition by another notary appointed to do so (who will presumably treat these claims as provided by C.C.P. 4608). We deem that action within the trial judge’s “discretion to direct the manner and conditions of effecting the partition,” C.C.P. 4605, especially when it requires a stretch of the imagination even to treat the wife’s answer as a traversing of the inventory.
The trial judge awarded the community the $8,700 it advanced for improvements on the Mississippi property (and the record does not support any further claim, specifically for any advance of purchase price). Assuming the property was the husband’s separate property, that is the maximum reimbursement for enhancement that La.C.C. 2408 allows. The wife’s claim that she is a co-owner of the Mississippi land (despite title in the husband as the result of a transfer from his parents, and his subsequent transfer of the land to his mother) is not cognizable by a Louisiana court; Succession of Martin, La.App. 2 Cir. 1962, 147 So.2d 53, writ refused 243 La. 1003, 149 So.2d 763; see also Pennison v. Pennison, La.App. 4 Cir. 1964, 157 So.2d 628, writ refused 245 La. 585, 159 So.2d 290.
The wife’s claim to the employee stock account resulted in a judgment ordering the husband “to withdraw certain [sic] shares of the Exxon stock purchased through his contribution [rather than with the employer’s contribution] ... to be divided in kind or by licitation, depend *844 ing upon the further partition of this community.” The wife’s argument that the judgment should award her half of a total of 307 shares errs both in that she stipulated that the total as of the effective termination was 283 shares [the husband concedes that 238 at one point in the judgment is a clerical error] and in that not all shares can be withdrawn, but only those paid for by the employee’s contribution. Moreover, there was a $4,900.64 loan balance against his thrift (stock) account which might affect withdrawability of the shares. Accordingly the judgment appealed from appears to have been as specific as it could on the record before us. (The husband’s brief asserts that the available stock has in fact been partitioned since the judgment.)
(The wife’s brief also asks, without supporting explanation, that the husband be “ordered to withdraw at each 6-month interval, whatever shares of Exxon stock can be withdrawn and place same in name of wife.” We are not informed why this should be ordered, and it appears incorrect because the husband’s earnings after the community’s dissolution effective November 12, 1974 belong exclusively to him.)
The wife also asks that the judgment be amended to provide a mathematical formula for her participation in the retirement benefits “as per Lynch v. Lynch ” rather than the judgment’s simple provision for entitlement under Lynch. Lynch v. Lawrence, La.App. 4 Cir. 1974, 293 So.2d 598, writ refused 295 So.2d 809, is questioned by Sims v. Sims, La.1978, 358 So.2d 919, 922, n. 1. However, there is no argument that the wife’s circumstances in this case require a Sims rather than a Lynch formulation, and the husband does not ask for any change. The wife’s assertion that a mathematical formula was stipulated is unfounded. We therefore leave this provision of the judgment also undisturbed.
The judgment did fix attorney’s fees of both parties’ lawyers. The wife asks that the award of fees to the husband’s lawyer be reversed and that her own attorney’s fees be increased by $3,000. She misreads the judgment. This partition suit was filed three months after the judgment of divorce, a year and a half after the effective date of termination of the community. Thus C.C.P. 4613 governs, and it expressly prohibits charging any represented party any part of another party’s attorney’s fee. The fees are not due from the community. Talbert v. Talbert, 1942, 199 La. 882, 7 So.2d 173; Lane v. Lane, La.App. 4 Cir. 1978. Thus the wife has no interest in the fixing of the amount of the husband’s attorney’s fee and vice versa. As to her own attorney’s fees, she may increase them if she wishes, but we will not fix an increase when, as we have pointed out, it is not a matter of dispute between the two parties before us.
Affirmed.