444 So.2d 774 (1984)
Mahmud S. MAHMUD
v.
Dianne McShea MAHMUD.
No. CA 0978.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
Bruce G. Reed, Reed & Reed, New Orleans, for defendant-appellant.
Girard J. Fernandez, New Orleans, for plaintiff-appellee.
Before GARRISON, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Defendant-wife, Dianne McShea Mahmud, appeals from a trial court judgment concerning the classification of certain property as the separate property of the plaintiff-husband, Mahmud S. Mahmud. We affirm the trial court judgment.
The parties were married on November 14, 1970, in Rome, Italy. In March, 1977, the parties established, for the first time, a matrimonial domicile in Louisiana. On *775 May 12, 1982, the parties were divorced. In February, 1983, a hearing was held for a partition of community property.
The trial court found that the status of only five assets was in dispute. Three of these assets he found to be community and ordered a partition. Neither party has appealed this portion of the judgment, and we will consider it final.
The remaining two assets were found by the trial court to be the separate property of the husband-plaintiff. The wife has appealed from this portion of the judgment, arguing that the property should be considered community. She also appeals from the ruling of the trial court that each party should pay its own costs and attorney fees. She argues that attorney fees should be paid by the community.
The two assets found by the trial court to be Mr. Mahmud's separate property were a piece of real estate located in the city of New Orleans and a 1976 Buick automobile.
The real estate was acquired by Mr. Mahmud in June, 1977. The document of purchase contained a declaration by Mr. Mahmud "that he is purchasing the property described herein with his separate and paraphernal funds which have always been under his separate administration and control and that the property described herein is to be his separate and paraphernal property." The document also contains a declaration by "Mrs. Dianne McShea wife of Mahmud S. Mahmud", acknowledging "that the property described herein is the separate and paraphernal property of her said husband, being acquired by him with his separate and paraphernal funds which have always been under his separate administration and control." The document was signed by Mahmud S. Mahmud and by Mrs. Dianne McShea Mahmud.
The first sentence of La.C.C. Art. 2342 provides that "A declaration in an act of acquisition that things are acquired with separate funds as the separate property of a spouse may be controverted by the other spouse unless he concurred in the act." In Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962), the Louisiana Supreme Court articulated the rule as it had been developed in the jurisprudence.
It has long and firmly been established under the jurisprudence of this court that a husband who has been a party to an act of purchase, in which it is declared the consideration belonged to the wife in her paraphernality and the property is to be such, either by signing the deed or as a witness thereto, cannot, thereafter, be heard to contradict it. Rousseau v. Rousseau, 209 La. 428, 24 So.2d 676; Pfister v. Casso, 161 La. 940, 109 So. 770; Tonglet v. Chopin, 155 La. 752, 99 So. 587; Fireman's Ins. Co. v. Hava, 140 La. 638, 73 So. 708; Karcher v. Karcher, 138 La. 288, 70 So. 228; Maguire v. Maguire, 40 La.Ann. 579, 4 So. 492. This is known in law as estoppel by deed, and is based on the public policy of this state in order that there may be some security of titles.
In McGee v. Harris, 333 So.2d 440 (La.App. 3d Cir.1976), the Third Circuit Court of Appeal stated:
The law is settled that a husband who has been a party to an act of sale of real property to his wife, in which it is declared that the price was paid with the separate funds of the wife and that the property is to be her separate property, cannot afterwards contradict that declaration, in the absence of allegations of fraud, error or duress. Under those circumstances, the husband is estopped from denying the declaration made by him that the property was purchased with the separate funds of his wife and that it is to be her separate property. This rule has been referred to at times as estoppel by deed, and it is applied in order that there may be some security of titles. LSA-C.C. art. 2236; Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962); Airhart v. Airhart, 153 So.2d 140 (La. App. 3 Cir.1963); Succession of Barr, 219 So.2d 817 (La.App. 2 Cir.1969); Moore v. Moore, 187 So.2d 145 (La.App. 2 Cir.1966); Rousseau v. Rousseau, 209 La. 428, 24 So.2d 676 (1946); Pfister v. Casso, 161 La. 940, 109 So. 770 (1926); *776 Maguire v. Maguire, 40 La.Ann. 579, 4 So. 492 (1888); Kerwin v. Hibernia Insurance Company, 35 La.Ann. 33 (1883).
In a holding with which we express complete agreement, the Third Circuit in McGee v. Harris, went on to say, "that the same rule of estoppel which has been applied consistently against the husband should also be applied against the wife." (333 So.2d at 445)
We, therefore, find no error in the trial court judgment that the real estate is the separate property of Mr. Mahmud.
The 1976 Buick automobile was acquired by Mr. Mahmud in the city of Philadelphia, Pennsylvania, prior to the parties establishing their domicile in Louisiana. In Succession of Dunham, 408 So.2d 888 (La. 1981), the Louisiana Supreme Court stated, "it is well settled that where the issue under consideration is the classification of moveable property in terms of whether it is community or separate property of a married couple, we must look to the law of the parties' domicile at the time of the acquisition.... Succession of Thomas, 35 La. Ann. 19 (1883); and Succession of Packwood, 12 Rob. 366 (1845); 18 La.L.Rev. 557 (1958); Restatement (second) of Conflict of Laws Sec. 258 (1969); H. Goodrich and E. Scoles, Conflict of Laws Sections 124 and 125 (4th Ed.1964)." At the time Mr. Mahmud acquired the car, he and his wife had not yet established a domicile in Louisiana. The law of Louisiana, therefore, is not applicable to determine the classification of the car.
Appellant argues that because no evidence was presented to the contrary, we must assume that Pennsylvania law is the same as the law of Louisiana. While it is permissible for a court to presume that the law of another state is the same as the law of Louisiana, absent a showing of what the other state's law is (See: Jackson v. Jackson, 425 So.2d 379 (La.App. 3d Cir.1982) and Johnson v. Nationwide Life Insurance Company, 388 So.2d 464 (La.App. 2d Cir.1980) and cases cited therein.), the court is not required to make such a presumption. A Louisiana appellate court may, on its own initiative, inquire into another state's law where applicable. La.C.C.P. Art. 1391; Gathright v. Smith, 368 So.2d 679 (La.1979) and cases cited therein.
Pennsylvania is not a community property state. Less than five months after it was enacted, The Community Property Law of Pennsylvania (Acts 1947, July 7, P.L. 1423, enacted as Title 48, Chapter 5 Sections 201-215 of the Pennsylvania Statutes) was declared unconstitutional, inoperative and void in its entirety by the Supreme Court of Pennsylvania on November 26, 1947, in the case of Willcox v. Penn Mutual Life Insurance Co., 357 Pa. 581, 55 A.2d 521 (1947). More recently, the Pennsylvania Superior Court, citing Willcox, stated, "the concept of `community property' is repugnant to the law of Pennsylvania." Everson v. Everson, 264 Pa.Super. 563, 400 A.2d 887 (1979), affirmed as modified, 494 Pa. 348, 431 A.2d 889 (1981).
We, therefore, find no error in the trial court judgment that the 1976 Buick automobile is the separate property of Mr. Mahmud.
As to attorney's fees, we likewise find no error in the trial court judgment which instructs each party to pay his own costs and attorney's fees. This court stated in Ware v. Ware, 365 So.2d 842 (La.App. 4th Cir.1979), writ denied 368 So.2d 144 (La.1979),
This partition suit was filed three months after the judgment of divorce, a year and a half after the effective date of termination of the community. Thus C.C.P. 4613 governs, and it expressly prohibits charging any represented party any part of another party's attorney's fee. The fees are not due from the community. Talbert v. Talbert, 1942, 199 La. 882, 7 So.2d 173; Lane v. Lane, La.App. 4 Cir.1978, 375 So.2d 660. Thus the wife has no interest in the fixing of the amount of the husband's attorney's fee and vice versa.
The controlling facts of this case are similar and the judgment of the trial court is correct.
*777 Accordingly, the judgment of the trial court is affirmed. All costs are to be paid by appellant.
AFFIRMED.