558 So.2d 1368 (1990)
Noushin RAZZAGHE-ASHRAFI, Plaintiff-Appellee,
v.
Mohammad Ali RAZZAGHE-ASHRAFI, Defendant-Appellant.
No. 88-1167.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
*1369 Cox, Cox, James J. Cox, Terrell D. Fowler, Lake Charles, for plaintiff-appellee.
H. Gayle Marshall, Lake Charles, for defendant-appellant.
Before DOMENGEAUX, C.J., and GUIDRY and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
These two consolidated appeals concern the validity of a judicial partition of community property and the steps taken after its rendition to enforce it as a money judgment. Although we address both appeals in one opinion, we will render a separate decree in each case. See Razzaghe-Ashrafi v. Razzaghe-Ashrafi, 558 So.2d 1374 (La. *1370 App. 3rd Cir.1990), also rendered today, bearing our docket No. 88-1368.
Plaintiff, Mrs. Noushin Razzaghe-Ashrafi, and defendant Dr. Mohammad Ali Razzaghe-Ashrafi, were married in Tehran, Iran, in 1962. The couple moved to New York in 1972, where they remained until 1978, when they established their matrimonial domicile in Louisiana. On April 21, 1986, the parties were divorced on the grounds of living separate and apart for one year. The termination date of the community was established as January 31, 1986.
On July 24, 1986, Mrs. Ashrafi filed this suit for judicial partition of the community of acquets and gains formerly existing between her and Dr. Ashrafi. After a trial on January 20, 1988, the district judge determined the net value of the community totalled $424,281.00. He rendered judgment in favor of Mrs. Ashrafi for her half of the community, $212,140.50, plus interest at seven percent per annum, subject to a credit for the cash and other community assets allocated to her.
Dr. Ashrafi appealed devolutively from this judgment (# 88-1167). Mrs. Ashrafi then began enforcement of the judgment by ruling her husband into court for a judgment debtor examination pursuant to La.C.C.P. art. 2451. The trial judge dismissed the examination after concluding the partition judgment was not a money judgment. Mrs. Ashrafi appeals from this ruling (# 88-1368).
In his first assignment of error, Dr. Ashrafi argues the trial court erred in failing to apply New York law to classify as community or separate certain movable property acquired by the couple when they resided in New York. Dr. Ashrafi argues that a Louisiana court is required to make its own inquiry into the laws of a sister state, if that law is applicable and if no evidence of the foreign law was introduced at trial.
The classification of movable property as community or separate is governed by the law of the domicile of the parties at the time of its acquisition. Succession of Dunham, 408 So.2d 888 (La. 1981). When no evidence of New York law was introduced at trial, the judge applied the well established presumption that foreign law is the same as the law of our state, absent a showing to the contrary. Reece v. Reece, 502 So.2d 591 (La.App. 3rd Cir.1987), writ denied, 503 So.2d 496 (La. 1987); Cambre v. St. Paul Fire & Marine Insurance Company, 331 So.2d 585 (La. App. 1st Cir.1976), writs denied, 334 So.2d 434, 435 (La.1976); Franks v. Louisiana Health Services & Indemnity, 382 So.2d 1064 (La.App. 2nd Cir.1980). The trial judge then added the movable property acquired in New York to the mass of the community. We find no error in this ruling.
We are aware of the cases of Gathright v. Smith, 368 So.2d 679 (La.1979) and Mahmud v. Mahmud, 444 So.2d 774 (La. App. 4th Cir.1984), which hold that an appellate court may, on its own motion, inquire into the laws of a sister state where applicable. However, neither Gathright nor Mahmud mandate such action, and these cases do not detract from the presumption in Cambre and Franks, supra. See Johnson v. Nationwide Life Insurance Company, 388 So.2d 464 (La.App. 2nd Cir.1980). This assignment of error has no merit.
Dr. Ashrafi also argues the trial court erred in qualifying the court-appointed expert, Mr. Bill Ford, as an appraiser for all purposes, particularly in the valuation of such movable property as jewelry and carpets. The trial judge did not place Mr. Ford's qualifications in the record. However, statements by the trial judge indicated the court had often accepted Mr. Ford as an expert in the past. Furthermore, the trial judge declared all jewelry appraised by Mr. Ford to be the separate property of Mrs. Ashrafi; hence, Ford's evaluation of these items was not added into the community. As to the Persian carpets, the Ashrafis possessed ten carpets *1371 of various sizes, four of which the trial judge declared to be the separate property of Mrs. Ashrafi. The court then allocated the remaining carpets so that each party received an equal number of carpets in each size. We find the trial court did not err in accepting Ford as an expert appraiser.
Dr. Ashrafi also contends the trial court erred in adding the sum of $14,578.00 into the community, which allegedly represented funds in three accounts in Calcasieu Marine National Bank. Dr. Ashrafi contends the money in these accounts totalled only $3,595.38. After reviewing the record we find this argument has merit. Mr. Thad Minaldi, counsel for Calcasieu Marine National Bank, produced account statements at trial establishing the balances in these accounts, and Mrs. Ashrafi concedes the error. Accordingly, we will recalculate the total assets of the community to reflect this correction.
In his final assignment of error, Dr. Ashrafi argues the trial judge erred in valuing his medical corporation as of the termination date of the community, rather than at the time of trial, as required by La.R.S. 9:2801(4)(a). Dr. Ashrafi faults the court for making "no effort to value the interests in the parties in the medical corporation as of the trial," yet at trial, he produced no evidence of the corporation's value on that date. As shown by numerous motions to compel discovery Dr. Ashrafi has attempted to thwart these proceedings at every turn, with his uncooperative attitude creating undue delay.
As we recognized in Queenan v. Queenan, 492 So.2d 902 (La.App. 3rd Cir. 1986), writ denied, 496 So.2d 1045 (La. 1986), a trial judge is given broad discretion in adjudicating the community regime. We further stated in Queenan, regarding the time of valuation:
The purpose of all this [9:2801(4)(a) ] is to provide an occasion for the court to get a handle on the situation. It does not mean that the court is frozen by any statutory time level or particular valuation at any particular time or for any particular purpose, but simply to place values on the assets for the purpose of accounting, allocation, and adjudication in accordance with the further provisions of R.S. 9:2801(4)(b, c, d and e).
492 So.2d 902, at 941.
Given the source of the delay in this matter and the limited evidence produced by Dr. Ashrafi, we find no error in the trial court's valuation of the medical corporation.
We now turn to Mrs. Ashrafi's appeal regarding the trial judge's dismissal of the judgment debtor examination. The trial judge considered the partition judgment to be a recognition of Mrs. Ashrafi's interest in the total assets of the community, rather than a judgment for the payment of money. We disagree.
The authority to render a money judgment in a community property partition is found in La.R.S. 9:2801(4)(c), which provides in pertinent part:
The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating the assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses....
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct....
From a community with a net value of $413,298.38, Mrs. Ashrafi was allocated assets totalling only $50,556.57. Assets allocated to Dr. Ashrafi totalled $362,741.81. For practical reasons, the trial judge allocated entirely to Dr. Ashrafi the community's two most valuable assets: the family home and Dr. Ashrafi's medical corporation. As a nonphysician, Mrs. Ashrafi cannot acquire stock in a medical corporation. *1372 La.R.S. 12:905(B). Pearce v. Pearce, 482 So.2d 108 (La.App. 4th Cir.1986). At the time of trial Dr. Ashrafi was occupying the family home, and Mrs. Ashrafi had established her residence in Texas.
Under La.R.S. 9:2801(4)(c), Mrs. Ashrafi is entitled to a sum of money to correct this unequal net distribution. The trial court apparently intended this result because the judgment states Dr. Ashrafi is to receive full title to the medical corporation "after the payment of the sums mentioned hereinabove to plaintiff, Noushin Razzaghe-Ashrafi." However, nowhere in the judgment does the trial court calculate this amount of money. Based upon the allocation of assets in the trial court judgment and the net value of the community, which we have adjusted to reflect the accounting error discussed above, we determine this amount to be $156,092.62. We reach this figure as follows:

Net value of community $413,298.38
Mrs. Ashrafi's one-half interest $206,649.19
Less assets allocated to her:
 Certificate of Deposit $37,265.57
 1981 Toyota automobile $ 3,200.00
 Household items
 (listed in judgment) $10,091.00
 __________
 - 50,556.57
 ___________
 $156,092.62

We therefore amend the trial court judgment rendered in our docket # 88-1167, as follows: As provided in the trial court judgment, Dr. Ashrafi is to receive full title to the home, the medical corporation, the Buick LeSabre, all household items in his possession and all bank accounts in his name. Dr. Ashrafi is ordered to deliver to Mrs. Ashrafi the six Persian carpets and title to the Toyota automobile, also as provided in the judgment. Mrs. Ashrafi is entitled to the sum of $156,092.62, plus legal interest thereon from date of judicial demand until paid, which sum represents her interest in the community, less those assets allocated to her by the trial judge. In all other respects, the trial court judgment is affirmed. For clarification, we attach a copy of the trial court judgment as "Appendix A".
Because this judgment contemplates the payment of money, plaintiff may execute it pursuant to La.C.C.P. art. 2291 et seq. The judgment rendered in our docket # 88-1368 dismissing the judgment debtor examination is reversed.
Defendant is cast with all costs of this appeal.
AFFIRMED AS AMENDED.
GUIDRY, J., concurs and assigns written reasons.

APPENDIX A

JUDGMENT
This matter having been submitted to the Court and taken under advisement on the 20th day of January, 1988, the Court now renders its Judgment as to division of the community property as follows:
IT IS ORDERED, ADJUDGED AND DECREED that NOUSHIN RAZZAGHE-ASHRAFI is entitled to one-half (½) of the net value of the community, which the Court finds to be $424,281.00, said one-half being $221,140.50 together with interest at the rate of 7% per annum from January 31, 1986, subject to a credit of $37,000.00 plus interest at the rate of 7% per annum from January 31, 1986, which plaintiff holds in savings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MOHAMMAD A. RAZZAGHE-ASHRAFI is ordered to give to NOUSHIN RAZZAGHE-ASHRAFI one of the two large Persian rugs and one of the two medium size Persian rugs and four of the small Persian rugs, and she will retain the one small Persian rug which is presently in her possession.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that NOUSHIN RAZZAGHE-ASHRAFI is to receive from MOHAMMAD A. RAZZAGHE-ASHRAFI the title to the 1984 Toyota automobile.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MOHAMMAD *1373 A. RAZZAGHE-ASHRAFI is to receive credit for the following personal items retained by and/or delivered to Mrs. Ashrafi, to wit:

One velvet chair............... $ 40.00
One bookcase................... 20.00
Three corning plates and three
 corning bowls................. 10.00
Three glasses.................. 6.00
One yellow lamp................ 10.00
One brass lamp................. 75.00
One twin size bedspread ....... 20.00
One set of full sized sheets... 10.00
One sewing machine............. 400.00
One Large Persian carpet
 (to be delivered)............. 7,500.00
One Medium sized Persian rug
 (to be delivered)............. 1,250.00
Five small Persian rugs
 (four to be delivered; four are
 separate property of Mrs.
 Ashrafi and one is community) 750.00
 __________
 TOTAL CREDIT $10,091.00

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MOHAMMAD A. RAZZAGHE-ASHRAFI, is to receive title to the family home which he is now occupying, and the 1984 Buick LeSabre and all other personal items listed on the inventory of Mr. Bill Ford which are retained in the possession of Dr. Mohammad Ashrafi, together with all bank accounts and savings accounts in his personal name.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, MOHAMMAD A. RAZZAGHE-ASHRAFI, is to receive full title to all corporate assets after payment of the sums mentioned hereinabove to plaintiff, NOUSHIN RAZZAGHE-ASHRAFI.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MOHAMMAD A. RAZZAGHE-ASHRAFI is to pay to Mr. William A. Ford the amount of $575.00, which represents one-half of the fee of the appraisal ordered by this Court.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all other costs of this proceeding be divided between the parties.
JUDGMENT RENDERED in Chambers, at Lake Charles, Louisiana, this 29th day of June 1988.
 (s) Billy H. Ezell
 BILLY H. EZELL, District
 Judge

MOTION AND ORDER CORRECT CLERICAL ERROR IN JUDGMENT
On Motion of plaintiff, NOUSHIN RAZZAGHE-ASHRAFI, through her undersigned counsel, and on suggestion to the Court that the Judgment rendered in the above numbered cause on the 29th day of June, 1988, incorrectly shows one-half the net value of the community of $424,281.00 as $221,140.50, when the correct amount, as shown by the minutes of the court is $212,140.50, and that mover desires to have the said clerical error corrected;
IT IS ORDERED that the judgment rendered herein on the 29th day of June, 1988, be amended by striking out wherever occurs the figure "$221,140.50" and inserting the figure "$212,140.50."
IT IS FURTHER ORDERED that the Clerk of this Court make the above corrections wherever they appear in the minute entries or other records of these proceedings.
LAKE CHARLES, LOUISIANA, this 24th day of July, 1988.
 /s/ Billy E. Ezell
 BILLY E. EZELL
 DISTRICT JUDGE
GUIDRY, Judge, concurring.
I agree that, under the particular circumstances of this case, the trial court did not err in applying the presumption that the law of New York is the same as the law of our state. Defendant-appellant did not in the record or in brief refer to the laws of the State of New York. See my dissent in Williams v. State Farm Mutual Automobile Insurance Company, 524 So.2d 851 (La.App. 3rd Cir.1988), writ. denied, 526 So.2d 792 (La.1988).