671 So.2d 395 (1995)
David M. GILL
v.
MATLACK, INCORPORATED.
No. 94 CA 2546.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
*396 Berney L. Strauss, New Orleans, for Plaintiff, David M. Gill.
Robert D. Hoover, Baton Rouge, for Defendant-Appellee, Matlack, Inc.
Lyon H. Garrison, New Orleans, for Third Party Plaintiff-Appellant, Liberty Mutual Insurance Company.
Before CARTER and PITCHER, JJ., and CRAIN, J. Pro Tem.[1]
PITCHER, Judge.
Liberty Mutual Insurance Company appeals from a judgment of the hearing officer, finding that the worker's compensation insurance policy issued to C & S Trucking Company had not been properly canceled. We affirm.

PROCEDURAL HISTORY
David Michael Gill (Mr. Gill) sustained injuries in an accident which occurred at the Clear Cote Plant in St. Petersburg, Florida on May 4, 1992. Mr. Gill was unhooking a hose from the tank of a trailer when chemicals spewed out, burning his face and eyes. At the time of the accident, Mr. Gill was employed by C & S Trucking of Mississippi, Inc. (C & S Trucking) as a truck driver. Matlack, Inc. (Matlack), a motor carrier engaged in the transportation of bulk commodities, leased equipment and drivers from C & S Trucking.
On June 11, 1992, Mr. Gill, a Louisiana resident, filed a claim for worker's compensation against Matlack, a Louisiana corporation, for injuries sustained as a result of this accident[2]. On August 4, 1992, Matlack filed an answer to Mr. Gill's claim, denying all of the allegations contained therein. In its answer, Matlack also alleged that Mr. Gill was an employee of C & S Trucking.
Thereafter, Matlack filed a third party demand and named as defendants C & S Trucking, Clint Johnson d/b/a C & S Trucking Company, and Liberty Mutual Insurance Company (Liberty Mutual). Matlack alleged that C & S Trucking and/or Clint Johnson d/b/a C & S Trucking Company was the direct employer of Gill. It was further alleged that Liberty Mutual had provided worker's compensation insurance to C & S Trucking and/or Clint Johnson d/b/a C & S Trucking Company.
On November 16, 1992, Matlack filed a motion for preliminary default against the third party defendants, alleging that no answer to its third party demand had been filed. Kathleen Will, as counsel for all of the third party defendants, subsequently filed an answer to Matlack's third party demand, denying all of the allegations contained therein.
Kathleen Will subsequently withdrew as counsel of record for C & S Trucking and Clint Johnson d/b/a C & S Trucking Company. Additionally, Lyon Garrison enrolled and was substituted as counsel of record for Liberty Mutual, and Kathleen Will was removed.
On April 25, 1994, Liberty Mutual filed a motion for summary judgment. Through this motion, Liberty Mutual denied coverage, alleging that the worker's compensation policy in dispute had been canceled several months prior to the accident[3]. The hearing officer denied the motion for summary judgment.
On June 15, 1994, the hearing officer approved a joint compromise between Gill and Matlack whereby Matlack agreed to pay Gill *397 $8,644.30 in full settlement of all claims. Matlack expressly reserved its right to pursue its third party claim against C & S Trucking, Clint Johnson d/b/a C & S Trucking of Mississippi, Inc., and Liberty Mutual.
Before trial, the parties entered into the following stipulations: (1) Mr. Gill was injured in the course and scope of his employment and was entitled to the benefits paid to him; (2) Mr. Gill was recently employed by C & S Trucking who leased the truck driven by Mr. Gill to Matlack; and (3) Matlack was the statutory employer of Mr. Gill and had paid him a reasonable settlement. Thus, the only issue left to be decided by the hearing officer was whether Liberty Mutual had properly canceled the worker's compensation insurance policy issued to C & S Trucking.
The hearing officer ultimately concluded that the policy issued to C & S Trucking had not been properly canceled.[4] Based on this conclusion, the hearing officer rendered judgment, ordering Liberty Mutual to reimburse Matlack in the amount of $8,644.30, and to pay court costs.[5]
Liberty Mutual now appeals from this judgment.

DISCUSSION
Before addressing the issue of whether the hearing officer erred in concluding that the worker's compensation insurance policy issued to C & S Trucking had not been properly canceled, we must resolve a conflicts of law issue presented by the facts of this case.
LSA-C.C. arts. 3515 through 3549, which deal with conflicts of law, were passed by Acts 1991, No. 923. Section four of that act provides: "This Act shall become effective on January 1, 1992, and shall apply to all actions filed after that date." Mr. Gill's action was filed in June of 1992. Therefore, these articles are applicable to the case at hand.
The issue presently before this court is essentially an issue of insurance coverage, and therefore one of contract. See Levy v. Jackson, 612 So.2d 894, 897 (La.App. 4th Cir.1993). LSA-C.C. art. 3515 provides as follows:
Except as provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
LSA-C.C. art. 3537 provides as follows:
Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting *398 one party from undue imposition by the other.
The worker's compensation insurance policy in this case was issued to C & S Trucking, a Mississippi corporation, by a national company, Liberty Mutual, through a Mississippi insurance agency. In contrast, Louisiana's contact arose only after the insurance policy had been issued and after Liberty Mutual took actions to cancel the policy. Louisiana's sole connection with this case occurred when Mr. Gill, a Louisiana resident, filed his claim in Louisiana against Matlack, a Louisiana corporation.
In light of these principles, we find that Mississippi law should be applied in determining whether this insurance policy was properly canceled.[6]
Miss.Code Ann. § 71-3-77 (1992) sets forth insurance policy regulations for worker's compensation insurance and provides as follows:
(1) Every contract for the insurance of the compensation herein provided, or against liability therefor, shall be deemed to be made subject to the provisions of this chapter, and provisions thereof inconsistent with the chapter shall be void. Such contract shall be allowed to offer deductibles on all liability of the assured under and according to the provisions of the chapter, notwithstanding any agreement of the parties to the contrary. However, the payments of the claims, including the deductible amounts, shall be made directly from the insurance company to the employee, except for medical benefits which shall be paid to the medical provider. A copy of such payments shall be forwarded to the employer. The insurance company shall collect the deductible from the employer as shall be provided in the contract between the employer and the insurer. No such policy shall be cancelled by the insurer within the policy period until a notice in writing shall be given to the commission and to the assured, fixing the date on which it is proposed to cancel it or declaring that the company does not intend to renew the policy upon expiration date, such notices to be served personally or by registered mail on the commission at its office in Jackson, and upon the assured. No such cancellation shall be effective until thirty (30) days after the service of such notice, unless the employer has obtained other insurance coverage, in which case such policy shall be deemed cancelled as of the effective date of such other insurance, whether or not such notice has been given.
The assured may cancel such a policy on the day that the assured either (a) returns the policy to the agent, or (b) signs and delivers to the agent a "lost policy release." If the assured desires to cancel a policy before the policy has become effective, he may cancel the policy by written notice of cancellation to the agent or company without return of the policy or a release. (Emphasis ours).
Liberty Mutual presented the deposition testimony of Alan Dore, the manager of printing and postal operations for Liberty Mutual in Dover, New Hampshire since May of 1987. According to Mr. Dore, the properly addressed notice of cancellation to C & S Trucking, dated July 1, 1991, was included on its list of 118 cancellation notices which were mailed on July 1, 1991. Liberty Mutual also introduced a document from the United States Post Office Inspector, verifying the receipt of the 118 documents.
Liberty Mutual failed to establish that the cancellation of C & S Trucking's worker's compensation insurance policy met the criteria set forth in Miss.Code Ann. § 71-3-77 (1992). The record before us contains no evidence that the cancellation was sent by registered mail or personally served on C & S Trucking or the commission.
*399 For these reasons, we find that the worker's compensation insurance policy issued to C & S Trucking was improperly canceled.

CONCLUSION
The judgment of the hearing officer is affirmed. Costs of this appeal are to be assessed to appellee, Liberty Mutual Insurance Company.
AFFIRMED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] It was alleged that the claim was filed against Matlack because C & S Trucking was no longer in business.
[3] In support of this motion, Liberty Mutual introduced an affidavit from Kathleen Will. The affidavit stated that Ms. Will had filed an answer to the claim only because Matlack had taken a preliminary default. The affidavit also stated that Ms. Will had made it clear from the beginning of this matter that Liberty Mutual was denying coverage.
[4] In reaching its conclusion, the hearing officer relied upon the requirements for the cancellation of an insurance policy set forth in LSA-R.S. 22:636. We note that the hearing officer erroneously applied the former provisions of LSA-R.S. 22:636, in effect prior to amendments made in 1985 and thereafter.
[5] The judgment is silent as to Matlack's third-party claim against C & S Trucking. Silence in a judgment as to any part of a demand is construed as a rejection of that part of the claim. Hawthorn, Waymouth & Carroll v. Johnson, 611 So.2d 645, 647 (La.App. 1st Cir.1992).
[6] A Louisiana appellate court may, on its own initiative, inquire into another state's law, where applicable. See LSA-C.E. art. 202; Gathright v. Smith, 368 So.2d 679 (La.1978) (on rehearing); Mahmud v. Mahmud, 444 So.2d 774 (La.App. 4th Cir.1984). Also, we note that counsel for Matlack raised the conflicts of law issue in his opposition to Liberty Mutual's motion for summary judgment; his post-trial memorandum to the hearing officer; and in his brief to this court. Thus, Liberty Mutual had sufficient notice of the conflicts of law issue.