SAMUEL, Judge.
This executory proceeding was instituted by plaintiff as the holder and owner of a promissory note and mortgage bearing' against a certain lot of ground in the Parish of St. Charles. Defendant, the sole maker of both instruments, filed original and supplemental petitions seeking an injunction to arrest the seizure and sale. After trial of the rule to show cause why a preliminary writ of injunction should not issue, the district court rendered judgment making the rule absolute and enjoining the plaintiff from seizing or selling the property. In the same judgment the court, on its own motion, converted the action into an ordinary proceeding and rendered an unsecured money judgment in favor of plaintiff and against the defendant on the note. Plaintiff has appealed therefrom.
The first question we must consider is plaintiff’s contention that the trial court improperly converted this executory proceeding into an ordinary action. We agree with the contention.
 Plaintiff had the right, of course, to institute either an executory or an ordinary proceeding; this was a choice enjoyed only by the plaintiff itself. Under the provisions of LSA-Code of Civil Procedure Article 2644 the plaintiff in an executory proceeding may convert it into an ordinary one by amending his petition; but again the choice is his. The court cannot, on its own motion, change the form of the proceeding from executory to ordinary; such a change cannot be made without the consent of the plaintiff. Calhoun v. Mechanics’ & Traders’ Bank, 30 La.Ann. 772; Chambliss v. Atchison, 2 La.Ann. 488. In the instant case it is quite clear that plaintiff did not consent to the change; it objected to the same in the trial court and has renewed that objection in this court. We must annul and set aside that portion of the judgment which converts the proceeding to an ordinary one and grants a personal judgment against the defendant.
*328 That portion of the judgment which grants the injunction is based on a finding by the trial court that the property belonged to the community of acquets and gains existing between the defendant and Ernest Davis, her husband, and that the mortgage is invalid and executory process cannot issue thereon for the reason that the wife alone executed the note and mortgage and she was without authority to encumber the property. In answer thereto plaintiff contends that the property was not community but the separate and paraphernal property of the defendant wife and that, alternatively, even if the same was community: (1) the wife had the authority to execute the mortgage; (2) as a wife she cannot defend an action against the community; and (3) she is estopped from doing so. As we agree with the trial court holding relative to community property, it is unnecessary for us to decide or discuss the several other pleas made by the defendant in her petitions for injunction.
The record, which contains only documentary evidence and the testimony of one witness, the defendant, reveals the following pertinent facts: By notarial act of sale dated February 2, 1946 the property was transferred by Rose Anderson, the defendant’s grandmother, to “Viola Smith, wife of Ernest Davis [the defendant] and Ernest Davis” for a recited cash consideration of $100. At the time of trial, December 18, 1963, the defendant and Ernest Davis had been married for twenty-three years and had never been divorced; seven children were born of the marriage, four of whom were minors; and Ernest Davis had been away from home, apparently in Los Angeles at an address unknown to defendant, for three years during which time defendant had not seen or corresponded with her husband. In July of 1961 the defendant alone, without authorization of any kind from her husband, executed the note and mortgage on which this suit is based for the purpose of constructing a house on the lot. After construction the house was used by her as a home. Defendant has failed to make some of the installment payments as provided by the note and the entire remaining indebtedness is now due and payable.
Our settled law is that the husband has the sole authority to execute a note and act of mortgage on community property; the wife alone is without such authority. LSA-C.C. Art. 2404; Coco v. Smith, La. App., 36 So.2d 739. Under LSA-Civil Code Article 2402 the community consists of, “ * * * the estate which they [husband and wife] may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, * *
Here the only basis for plaintiff’s contention that the property did not form part of the community is some testimony given by defendant on cross examination in which she said her grandmother, the trans-feror of the property, had not sold but had given or donated the property to her. Under the plain provisions of LSA-Civil Code Article 2402, quoted above, there can be no difference in result between sale or donation jointly to husband and wife during the marriage; in either case the property so acquired belongs to the community. And while we do not believe defendant’s testimony properly can be interpreted as meaning that her grandmother made a donation exclusively to her, and not to her husband, even such an interpretation could make no difference here. The only acquisition was to the husband and wife jointly and the authentic act is full proof thereof. If defendant testified otherwise her testimony is incorrect. As found by the trial court, the lot of ground here involved belonged to the community of acquets and gains between the defendant and her husband, Ernest Davis, who did not authorize or consent to the execution of the note and mortgage by his wife. Therefore, the act of mortgage bearing against that lot is invalid and cannot support executory process.
*329 Plaintiff’s contention that the defendant had authority to execute the mortgage on community property is based on an exception to the rule. Under LSA-Civil Code Article 1786 authorization of the husband'is presumed when the wife “ * * * contracts for necessaries for herself and family, where he does not himself provide them; * * Clearly the article has no application in the instant case. The record is entirely devoid of any suggestion that the defendant was in necessitous circumstances nor is there any evidence to the effect that her husband failed to provide her with necessities. And while shelter is a necessity, under all of the facts of this case the purchase of a home cannot be considered as such.
The next plaintiff contention is that a wife alone cannot prosecute a community claim nor defend an action against the community and therefore the allegations contained in defendant’s petitions for injunction relative to the fact that the property belongs to the community, and the proof adduced in support thereof, cannot be considered by the court. The contention is not well founded. There are several answers thereto, the simplest of which is that the plaintiff itself has made the wife the only defendant and as a defendant she has the right to defend by petitioning the court for an injunction on any legal grounds which may defeat the executory proceedings.
Plaintiff’s contention relative<to estoppel also is not well founded. It is based on the argument that defendant led plaintiff’s transferor of the note and mortgage into believing she was not married. In addition to the fact that such estoppel could not apply against the absent husband who was not a party to any of the transactions, the record is devoid of any evidence that plaintiff’s transferor was misled. The only evidence on the subj ect is contained in the testimony of the defendant herself and she testified she had given full and correct information relative to her marital status.
For the reasons assigned, the judgment appealed from is annulled and set aside only insofar as it converts this action into an ordinary proceeding and grants a judgment in favor of plaintiff and against defendant in the amount of $3,378.10 with interest and attorney’s fees. In all other respects the judgment appealed from is affirmed; plaintiff-appellant to pay all costs in this court.
Annulled and set aside in part; affirmed in part.