| GIROD TITLING TRUST | * | NO. 2024-C-0221 |
| --- | --- | --- |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **HERMES HEALTH** | * | |
| **ALLIANCE, L.L.C.** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-00748, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Sandra Cabrina Jenkins**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

**BELSOME, J., CONCURS IN THE RESULT**

J. Eric Lockridge
Karli Glascock Johnson
Katilyn M. Hollowell
KEAN MILLER LLP
400 Convention Street, Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Georgia N. Ainsworth
Jill A. Gautreaux
KEAN MILLER LLP
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/DEFENDANT-IN-
RECONVENTION/RELATOR

> **WRIT GRANTED.**
> **JUDGMENT REVERSED.**
> **EXCEPTIONS SUSTAINED.**
> **RECONVENTIONAL DEMAND**
> **AND THIRD PARTY DEMAND**
> **DISMISSED WITHOUT PREJUDICE.**
> **JULY 1, 2024**

SCJ

DLD

Plaintiff/Defendant-in-reconvention Girod Titling Trust seeks supervisory review of the trial court's March 18, 2024 judgment denying its motion to strike and/or alternatively, exceptions of insufficiency of service of process, and lack of personal jurisdiction, exception of no cause of action, unauthorized use of executory/summary proceedings, improper cumulation of actions, and vagueness or ambiguity, and ordering on the Court's own motion, *sua sponte*, that the executory process foreclosure action be converted to an ordinary process action. For the foregoing reasons, we grant Girod's application for supervisory writs and sustain Girod's exceptions of insufficiency of service of process, lack of personal jurisdiction, exception of no cause of action, unauthorized use of executory/summary proceedings, improper cumulation of actions, and vagueness or ambiguity. We dismiss, without prejudice, Hermes Health Alliance's reconventional and third party demands.

On March 15, 2017, Hermes Health Alliance, LLC executed a promissory note with First NBC Bank in the amount of $10,626,177.00. The note required 59 monthly installments of $69,043.12 and a final payment of $9,636,951.13

absent the event of default. The monthly installments were payable on the 15th of each month, beginning April 15, 2017, until March 15, 2022.

The note was secured with a multiple indebtedness mortgage for immovable property located at 4201 Woodland Drive, New Orleans, LA 70131, on the same day. The mortgage was recorded in the mortgage records for Orleans Parish on March 16, 2017. Hermes Health Alliance provided additional security for the amounts due under the note through the execution of certain pledge of leases and rents dated March 15, 2017, which assigned, pledged, and granted to FNBC Bank a continuing security interest in "all leases for the property and the rents derived therefrom." The PLR was filed in the mortgage records for Orleans Parish on March 16, 2017.

In 2017, the Louisiana Office of Financial Institutions filed a motion to close and liquidate FNBC Bank as well as to confirm appointment of receiver. FNBC Bank was closed and liquidated on April 28, 2017. The Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver and was vested with title to all assets of FNBC Bank without the execution of any instruments of conveyance, assignments, transfer or endorsement, and was vested with the full and exclusive management and control of FNBC Bank. On November 13, 2017, FDIC sold the note, mortgage, the pledge of leases and rents, and all the rights to Girod LoanCo, LLC. The assignment of the mortgage sale was recorded in Orleans Parish on December 14, 2017. On January 12, 2018, Girod LoanCo assigned the note, mortgage, and the pledge of leases and rents to Girod Titling Trust, which assignment was recorded in the Orleans Parish records on August 9, 2018.

On January 26, 2023, Girod Titling Trust filed a petition for foreclosure by executory process alleging that Hermes Health Alliance was in default under both

the note and collateral mortgage for nonpayment.  Girod alleged in its petition that the FDIC sent a certified demand letter to Hermes Health Alliance on August 18, 2017, and August 28, 2017, putting Hermes Health Alliance in default and seeking payment on the outstanding balance.  Additionally, Girod averred that it sent correspondence to Hermes Health Alliance on March 14, 2019, notifying it of the default and demand for payment. Girod acknowledged that Hermes Health Alliance had made several payments toward the debt, the most recent payment was on March 6, 2020.  However, Hermes Health Alliance failed to pay the full balance owed on the note.

On January 30, 2023, the trial court ordered the sale and seizure of the property.  On September 7, 2023, the property was sold at a public auction by the Orleans Parish Sheriff to a third party, Girod REO, LLC.

On December 27, 2023, Hermes Health Alliance filed an answer, reconventional demand, request to vacate sheriff's deed, request for declaratory judgments, third-party demands and request for mandamus.  It alleged that none of the foreign entities named in the petition for foreclosure by executory process produced evidence that they complied with La R.S. 12:1354(A) therefore rendering the petition and the exhibits as absolute nullities.  On February 5, 2024, Hermes Health Alliance filed a motion to set a rule to show cause and a memorandum in support relating to the declaratory judgment, seeking to have Girod Titling Trust to show how it had the right to file a judicial demand in the State of Louisiana.

On February 6, 2024, Girod Titling Trust filed a motion to strike and/or alternatively exceptions of no cause of action, improper cumulation of actions, insufficiency of service of process and lack of personal jurisdiction, unauthorized use of executory/summary proceedings, and vagueness or ambiguity of the

3

petition. On February 15, 2024, Girod Titling Trust filed an opposition to the motion to set rule to show cause with memorandum in support. It averred that the declaratory relief that is the subject of the rule to show cause motion cannot be sought in a summary proceeding.

On February 28, 2024, the trial court held a hearing on the declaratory judgment, as well as Girod's motion to strike and exceptions. The trial court denied Girod's motion and exceptions, and Hermes Health Alliance's request for a declaratory judgments to proceed on a summary basis. However, the trial court, *sua sponte*, converted the executory proceeding to an ordinary proceeding, allowing Hermes Health Alliance's request for a declaratory judgment to proceed as an ordinary proceeding. The trial court issued a written judgment on March 18, 2024[1], providing:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's *Motion to Strike* is **DENIED.**
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's declinatory exceptions of insufficiency of service and lack of personal jurisdiction are DENIED, without prejudice.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's peremptory exception of no cause of action is **DENIED,** without prejudice.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's dilatory exceptions of unauthorized use of executory/summary proceedings, improper cumulation of actions, and vagueness or ambiguity are DENIED, without prejudice.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hermes Health Alliance, L.L.C.'s *Motion to Set Rule to Show*

---

[1] In *Girod Titling Trust v. Hermes Health Alliance*, 2024-0201 (La. App. /24), ___ So.3d. ___, Hermes Health Alliance sought supervisory review of the trial court's judgment of March 18, 2024, in which the trial court denied Hermes Health Alliance's Motion to Set Rule to Show Cause and requests for declaratory judgments on a summary basis without prejudice. This Court granted writs, but denied relief, finding that the trial court did not abuse its discretion.

4

*Cause and Incorporated Memorandum* and requests for declaratory judgments on a summary basis are **DENIED,** without prejudice.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hermes Health Alliance, L.L.C.'s requests for declaratory judgments shall proceed on an ordinary basis.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, *sua sponte,* converts this executory' process foreclosure action to an ordinary process action.

*Assignment of error no. 1- The trial court erred in sua sponte converting this case from an executory process foreclosure to an ordinary process action over Relator's express objection, contrary to consistent Louisiana jurisprudence, including a long-standing ruling from this Court.*

Girod argues that the trial court was without authority to convert the executory foreclosure proceeding into an ordinary proceeding. La. C.C.P. article 2644, which governs the conversion of an executory proceeding to an ordinary proceeding, provides:

> The plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured by the mortgage or privilege.

> The plaintiff in an ordinary proceeding may not convert it into an executory proceeding.

In *Mid-State Homes, Inc. v. Davis*, 173 So.2d 326, 327 (La. App. 4th Cir 1965), this Court recognized that "under the provisions of LSA-Code of Civil Procedural Article 2644 the plaintiff in an executory proceeding may convert it into an ordinary one by amending his petition; but again the choice is his." The Court also stated that "[t]he court cannot, own its own motion, change the form of the proceeding from executory to ordinary; such a change cannot be made without the consent of the plaintiff." *Mid-State Homes*, 173 So.2d at 327.

5

A review of the hearing transcript reveals that Girod did not consent to the conversion of the proceeding from executory to ordinary. In fact, Girod specifically opposed and argued against the conversion of the proceeding. The trial court erred when it converted the executory proceeding to an ordinary proceeding on its own motion and without the consent of the plaintiff. This assignment of error has merit.

*Assignment of error no. 2 - The trial court erred in denying Relator's dilatory exception of unauthorized use of executory/summary process as Respondent's requests for declaratory relief, to annul the Sheriff's sale of the property, and for mandamus relief cannot be asserted in an executory process foreclosure proceeding.*

Girod asserts that trial court erred in denying its dilatory exception of unauthorized use of executory/summary process. Girod argued that Hermes Health Alliance's requests for declaratory relief, to annul the Sheriff's sale of the property, and for mandamus relief cannot be asserted in an executory process foreclosure proceeding. Girod is correct in its argument. The Louisiana Code of Civil Procedure articles and jurisprudence thereunder provides that each of these actions are distinctive and require different forms of proceedings.

"Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidence by an authentic act importing a confession of judgment, and in other cases allowed by law." La. C.C.P. art. 2631. "A person seeking to enforce a mortgage or privilege on property in an executory proceeding shall file a petition therefor, praying for the seizure and sale of the property affected by the mortgage or privilege." La. C.C.P. art. 2634.

6

"An action to nullify a sheriff's sale authorized by executed process must be instituted as a direct action in an ordinary proceeding." *Wells Fargo Bank, N.A. v. Doyle,* 2022-1368, p. 5 (La. App. 1 Cir. 11/9/23), 378 So.3d 808, 811; *Reed v. Meaux*, 292 So. 2d 557, 560 (La. 1973). Petitory actions must be brought in an ordinary proceeding. *Durden v. Durden,* 2014-1154, p. 19 (La. App. 4 Cir. 4/29/15), 165 So.3d 1131, 1145.

Further, suits for declaratory judgments are brought in ordinary proceedings. *In re Melancon*, 2005-1702, p. 5 (La. 7/10/06), 935 So. 2d 661, 665. This Court recognized in *Apasra Properties, LLC v. City of New Orleans,* 2009-0709, p. 18, (La. App. 4 Cir. 2/11/10), 31 So.3d 615, 626-627, that "a claim for declaratory relief is <u>not</u> a summary proceeding; it requires a trial on the merits where each party has an opportunity to present evidence in a form other than verified pleadings and affidavits." (Citing La. C.C.P. arts. 1879, 2592). La. C.C.P. article 2592(6) provides that a mandamus proceeding may be brought in a summary proceeding.

The causes of action asserted in Hermes Health Alliance's reconventional and third party demands employ different forms of procedure. The foreclosure is an executory proceeding. The action to annul the sheriff's sale, petitory action, and request for declaratory relief must proceed on an ordinary basis. And, the petition for mandamus is asserted in a summary proceeding. The trial court clearly erred when it denied Girod's exception of unauthorized use of executory/summary proceedings. This assignment of error has merit.

*Assignment of error no. 3 - The trial court erred in denying Relator's dilatory exception of improper cumulation of actions as Respondent's requests for relief utilizing ordinary and summary procedure and cannot be cumulated with an executory process foreclosure action.*

7

In this assignment, Girod contends that the trial court erred in denying its dilatory exception of improper cumulation of actions because Hermes Health Alliance's requests for relief utilizing ordinary and summary procedure and cannot be cumulated with an executory process foreclosure action.

La. C.C.P. art. 463 provides:

Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:

1. There is a community of interest between the parties joined;
2. Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
3. All of the actions cumulated are mutually consistent and employ the same for of procedure.

"The requirement that all of the actions employ the same form of procedure refers merely to whether each of the cumulative actions employ either ordinary, executory, or summary procedure. *Succession of Rachal*, 2021-0621, p. 11 (La. App. 4 Cir. 6/8/22), 342 So.3d 1012, 1021. "A trial court's judgment regarding a dilatory exception of improper use of a summary proceeding or an exception of improper cumulation of actions, is reviewed on a manifest-error standard." *Orleans Par. Sch. Bd. v. City of New Orleans,* 2020-0043, p. 30 (La. App. 4 Cir. 6/3/20), 364 So.3d 252, 273.

La. C.C.P. art. 464 addresses the effect of improper cumulation, providing:

When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.

When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.

As noted above, the causes of action asserted by Hermes Health Alliance employ different forms of proceedings. As such, the actions were improperly cumulated, and the trial court erred when it denied Girod's exceptions of improper cumulation. This assignment of error has merit.

*Assignment of error no. 4 - The trial court erred in denying Relator's peremptory exception of no cause of action that Respondent did not state a cause of action to annul the Sheriff's sale of the property, as the pleading admits the property was sold to, and the Sheriff's deed recorded in the name of, third party.*

Girod further argues that the trial court erred in denying its exception of no cause of action as to Hermes Health Alliance's cause of action to annul the Sheriff's sale of the property because the pleading admits the property was sold to, and the Sheriff's deed recorded in the name of, a third party.

"The peremptory 'exception of no cause of action raises a question of law,' thus appellate court reviews the trial court's ruling *de novo*." *Graystar Mortg., L.L.C. v. Swafford as Tr. for Gregory Swafford Fam. Tr.*, 2023-0263, p. 3 (La. App. 4 Cir. 12/20/23), 382 So.3d 340, 343, *writ denied*, 2024-00123 (La. 3/12/24), 381 So.3d 51. A peremptory exception of no cause of action calls into question whether the law extends a remedy against a defendant to anyone based upon the factual allegations of a petition. *Graystar Mortg., L.L.C.*, 2023-0263, p.3, 382 So.3d at 343 (citing *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 2012-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736). An exception of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Green v. Garcia-Victor*, 2017-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453

9

(quoting *Moreno v. Entergy Corp.*, 2010-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 706).

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green*, 2017-0695, p. 5, 248 So.3d at 453 (quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 2012-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not plead in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.*

La. C.C.P. art. 2642 provides, in pertinent part, that [d]efenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sales as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both." "A limited jurisprudential remedy is available to a party who has not sought an injunction against or suspensive appeal from an order granting the use of executory process." *Graystar Mortg., L.L.C., supra.* "The Louisiana Supreme Court has recognized a post-sale action for nullity in its ruling in *Reed v. Meaux*, 292 So.2d 557 (La. 1983)." *Graystar Mortg., L.L.C.*, 2023-0263, p. 5, 382 So.3d at3 344. "An action to nullify a sheriff's sale must satisfy two requirements: (1) the foreclosing creditor must be the adjudicatee at the Sheriff's sale and must still be in possession of the property sold at the time of the filing of the nullity action; and (2) the defect asserted by the party seeking

the nullity must be substantive and go to the fundamental nature of the obligation or its acquisition. *Id.*

"La. R.S. 13:4112 provides that an action to annul a judicial sale of immovable property based upon defects in procedure or lack of authentic evidence expires upon recordation of the sheriff's process verbal deed. *Graystar Mortg., L.L.C.*, 2023-0263, p. 6, 382 So.3d at 344. "The debtor may not annul the sale if the property is in the hands of an innocent third person." *Id.*

In the present case, Girod, the foreclosing creditor, was not the adjudicatee at the Sheriff's sale and has never been in possession of the immovable property located at 4201 Woodland. Girod filed the petition for executory foreclosure on January 26, 2023. Hermes Health Alliance did not raise any objections to the executory process prior to the sale, either by instituting an injunction proceeding or filing a suspensive appeal from the January 30, 2023 order directing the issuance of the writ of seizure and sale.

The immovable property was sold on September 7, 2023, and the sale was recorded on November 14, 2023, in the conveyance records of Orleans Parish. Thus, Hermes Health Alliance was limited to filing a direct action by ordinary process in which it could seek to have the sale annulled based upon alleged substantive defects. Hermes Health Alliance failed to do so.

Instead, on December 27, 2023, Hermes Health Alliance filed an answer, reconventional demand, request to vacate sheriff's deed, request for declaratory judgments, third-party demands, and request for mandamus to attempt to annul the sale in which it asserted claims of fraud and illicit practices. Hermes Health Alliance acknowledged in its pleadings that the property was sold to a third party and recorded in the Orleans Parish mortgage and conveyance records. Hermes

11

Health Alliance also recognized that the immovable property was sold to a third party. As such, Hermes Health Alliance has not asserted a cause of action to annul the Sheriff's sale because the immovable property was sold to a third party. The trial court erred when it denied Girod's exception of no cause of action relating to the annulment of the Sheriff's sale. This assignment of error has merit.

*Assignment of error no. 5 - The trial court erred in denying Relator's peremptory exception of no cause of action that Respondents was not entitled to a declaratory judgment under La. R. S. 12:1354, as the request is contrary to law.*

In its final assignment of error, Girod asserts that the trial court erred in denying its exception of no cause of action as to Hermes Health Alliance's cause of action which alleged that Girod was not entitled to a declaratory judgment under La. R. S. 12:1354.

La. R.S. 12:1354(A) and (C) govern foreign entities transacting business without authority in Louisiana and provide:

> A. No foreign limited liability company transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by and as provided in, this Chapter. The burden of proof shall rest upon the limited liability company to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the secretary of state or a duly authenticated copy thereof.

> C. A foreign limited liability company that transacts business in this state without a certificate of authority shall be liable to this state, for the years or parts thereof during which it transacted business in this state without a certificate of authority, in an amount equal to all fees and taxes that would have been imposed by law upon such limited liability company had it duly applied for and received a certificate of authority to transact business in this state, as required by this Chapter, and had thereafter filed all reports required by this Chapter, plus all penalties imposed by this Chapter for failure to pay such fees.

La. R.S. 12:1343(7) governs transactions not constituting business in Louisiana, and provides, in pertinent part:

> Without excluding other activities that may not constitute transacting business in this state, a foreign limited liability company shall not be considered to be transacting business in this state for the purpose of being required to procure a certificate of authority pursuant to this Chapter by conducting any one or more of the following activities:
>
> (7) Securing or collecting debts or enforcing any rights in property securing the debts.

Here, the law does not extend a remedy to Hermes Health Alliance against Girod as it relates to declaratory relief pursuant to La. R.S. 12:1354. Girod was not transacting business, but was collecting on a debt and enforcing the rights to the immovable property securing the debt when it filed the petition for foreclosure. As such, Girod was not required to comply with La. R.S. 12:1354 to institute the foreclosure proceedings. The trial court erred in denying Girod's exception of no cause of action. This assignment has merit.

We find that the trial court committed error in the denial of Girod's exceptions and converting the executory foreclosure proceeding into an ordinary proceeding on its own motion and without Girod's consent. Accordingly, we grant Girod's application for supervisory writs and sustain Girod's exceptions of insufficiency of service of process, lack of personal jurisdiction, exception of no cause of action, unauthorized use of executory/summary proceedings, improper cumulation of actions, and vagueness or ambiguity. We dismiss, without prejudice, Hermes Health Alliance's reconventional and third party demands.

**WRIT GRANTED.**
**JUDGMENT REVERSED.**
**EXCEPTIONS SUSTAINED.**

**RECONVENTIONAL DEMAND**
**AND THIRD PARTY DEMAND**
**DISMISSED WITHOUT PREJUDICE.**